**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JOSE A. TRINIDAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.   2:15cv323-WHA |
| | ) | |
| DANIEL JOE MOORE, JR., and | )    (wo) | |
| RDB TRUCKING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #45), filed by the Defendants, Daniel Joe Moore, Jr. and RDB Trucking, LLC.

The Plaintiff filed a Complaint in this case on May 15, 2015.   The Plaintiff brings claims for negligence (Count One), negligence theories including negligent entrustment (Count Two), and wantonness (Count Three). The Defendants move for summary judgment as to the claims in Count Two for negligent hiring, retention, training, supervision and other claims related to negligent entrustment, and the wantonness claims in Count Three.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED in part and DENIED in part.

**II.   SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if there is no genuine issue as to any material fact and    . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.   Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."   Fed. R. Civ. P. 56 (c)(1)(A),(B).   Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).


### III. FACTS

The submissions of the parties establish the following facts, construed in a light most

favorable to the non-movant:

The case arises out of an automotive wreck in October of 2014.   The wreck was a collision of a commercial vehicle owned by RDB Trucking, LLC and driven by Daniel Joe Moore, Jr. ("Moore") with a vehicle driven by Plaintiff Jose A. Trinidad ("Trinidad").   The circumstances of the collision are in dispute.   Trinidad's view of the facts is that Moore was driving on the inside lane of four-lane U.S. Highway 231 when he improperly changed lanes and caused Trinidad to collide with the rear end of the commercial vehicle.   At issue in the partial Motion for Summary Judgment are the facts giving rise to the Plaintiff's claims for negligence hiring, training, supervision, and negligence in equipping the truck, as claimed in Count II and claim for wantonness in Count III.

Trinidad contends that Moore had eight driving violations which establish that he is habitually negligent or an incompetent driver.   Trinidad relies on the following incidents:   three speeding tickets, a vehicle accident, falsification of logbooks, and a failure to properly maintain equipment.   Trinidad reproduces in his brief a page from RDB Trucking's accident register which shows that the accident Moore had shortly after being hired was deemed "preventable," but the record was changed to say that it was not preventable.   Trinidad states that the violations occurred within a three-year-period, and five of the violations occurred within the two years in which Moore worked for RDB Trucking.   Trinidad also points to evidence regarding RDB Trucking's policies as evidence that Moore should not have been hired, and should have been terminated after he was hired, including the deposition testimony of Ron Brock ("Brock), owner of RDB Trucking. Brock agreed in his deposition that drivers violating RDB Trucking's rules implicated safe driving beyond the safety ratings.   (Doc. #54-3 at p.96:2-7).

RDB Trucking concedes that Moore had speeding tickets in 2009, 2011, and 2012, but

states that the 2011 and 2012 tickets were for traveling four miles over the permit speed limits.

(Doc. #45-1 at p. 26-27).   RDB Trucking also states that the accident in which Moore was

involved was caused by the other driver. (Doc. #45-1 at p.74-76).   RDB Trucking provides

testimony that the record of that accident was probably recopied by Brock's daughter into RDB

Trucking's records and the change from indicating the accident was preventable to not preventable

was a mistake. (Doc. #54-3 at p. 132:19-133:4).   RDB Trucking points out that at the time of the

accident, Moore had a valid commercial license and had been driving tractor-trailers for nearly ten

years. (Doc. #45-1 at p.8: 10-11).

## IV. DISCUSSION

As noted, the Defendants have moved for summary judgment as to claims in Counts II and

III.

### A Count II—Negligent Entrustment[1]

The elements of a claim for negligent entrustment are (1) an entrustment, (2) to an

incompetent, (3) with knowledge that he is incompetent, (4) proximate cause, and (5) damages.

*Halford v. Alamo-Rent-A-Car*, 921 So. 2d 409, 412 (Ala. 2005).

RDB Trucking seeks summary judgment on the ground that Moore was not an incompetent

driver, so RDB Trucking cannot be held liable for negligent hiring, retention, entrustment,

supervision or other related claims.   RDB Trucking also contends that there is no evidence of

knowledge or proximate cause.

---

1 As earlier noted, several theories are asserted in Count II of the Complaint.   The Defendants
have moved for summary judgment as to all of the claims related to negligent entrustment with the
same analysis, stating that Alabama law treats them all the same.   The Plaintiff has responded that
he opposes summary judgment as to negligent entrustment and failure to supervise, but only
presents evidence as to entrustment. (Doc. #54 at p.28).

Evidence of incompetence must bear on the ability to properly drive a vehicle. *Halford*, 921 So. 2d at 413.   The Supreme Court of Alabama has explained that a plaintiff alleging negligent entrustment may show that the driver to whom the defendant entrusted the vehicle was "unable or unlikely to have operated the motor vehicle with reasonable safety due to one of several characteristics or conditions," including "general incompetence" or "habitual negligence." *Edwards v. Valentine*, 926 So. 2d 315, 321–22 (Ala. 2005).

RDB Trucking cites to various cases including *Wright v. McKenzie*, 647 F. Supp. 2d 1293, 1300 (M.D. Ala. 2009); *Askew v. R&L Transfer, Inc*., 676 F. Supp. 2d 1298, 1303 (M.D. Ala. 2009); *Pryor v. Brown & Root USA, Inc*., 674 So. 2d 45, 52 (Ala. 1995); *Craft v. Triumph Logistics, Inc.*, 107 F. Sup. 3d 1218 (M.D. Ala. 2015); and *Vines v. Cook*, No. 2:15cv111-KD-C, 2015 WL 8328675 (S.D. Ala. Dec. 8, 2015), for the proposition that Moore's driving record in this case did not reflect sufficient evidence of incompetence.   RDB Trucking states that Moore had three speeding tickets and one accident in the ten years preceding the accident at issue.   RDB Trucking further states that the tickets in 2011 and 2012 were for traveling less than five miles per hour over the speed limits.   RDB Trucking also states that the accident was caused by the other driver, and Moore merely drove into a median to avoid a collision where a trailer came loose from another truck.

As to the habitual negligence theory, it appears that that standard has not been met in this case.   As the court explained in *Craft*, several moving violations do not establish habitual negligence if they occurred under "diverse circumstances."   *Craft*, 107 F. Supp. 3d at 1225. Habitual negligence has been found by Alabama courts when the same negligent practice occurs 30 to 40 times. *Id.* (citing *Pritchett v. ICN Med. Alliance, Inc*., 938 So.2d 933 (Ala. 2006) involving the improper use of gauze in a medical procedure and which analogized the case to

5

automobile entrustment cases).

As to the issue of general incompetence, evidence of previous acts of negligent or reckless driving and previous accidents may be evidence to support that the driver to whom the defendant entrusted the vehicle was unable or unlikely to have operated the motor vehicle with reasonable safety.  *Edwards*, 926 So. 2d at 322. One prior accident, standing alone, is not substantial evidence of incompetence. *See Thedford v. Payne,* 813 So.2d 905 (Ala. Civ. App. 2001).

Trinidad has relied on evidence that at the time of the accident, in addition to three infractions before he was hired, within the two-year period after he was hired by RDB Trucking Moore had a speeding ticket, a preventable accident, and RDB Trucking policy violations including a failure to properly maintain equipment which resulted in air leaking from brakes and a falsification of logbooks. (Doc. #54-3 at p.169: 1-23).   Moore's driving record, however, is not the only evidence cited by Trinidad.   Trinidad points to the deposition of RDB Trucking's representative in which he testified that these infractions were violations of the company's policy. Trinidad argues that although RDB Trucking claims that Moore was disciplined for violations of policy, there are questions of fact because RDB Trucking company records state that Moore was given two first warnings, which would have only entailed giving him a written warning.

In response to Trinidad's evidence regarding its policies, RDB Trucking states that the policy has been improperly characterized as a safety policy, that the violations policy does not indicate that Moore could not be hired, and that in fact Moore came highly recommended as an excellent driver. (Doc. #54-3 at p. 58: 7-14).   RDB Trucking also states that Moore was disciplined for his speeding violation and log book and air leak violations, citing to Moore's deposition in which he states that the amount of a fine he received was taken out of his pay.   (Doc. #54-4 at p.45: 4-5).   Brock also stated in his deposition that the company records indicating that

6

Moore got a first warning two times were incorrect. (Doc. #54-3 at p.98:2-6).   But, even accepting

Trinidad's evidence, RDB Trucking argues in reply that all of the evidence which Trinidad seeks

to rely on concerning the conduct of RDB Trucking and its internal policies misses the point

because RDB Trucking's actions with regard to its internal policies and documents could not have

made Moore a competent or incompetent driver, and without evidence of Moore's incompetence,

evidence of RDB Trucking's actions with regard to its policies is not relevant.

Evidence of violation of company policy may be relevant under some circumstances,

however.   For example, when the policies violated relate to a driver's eligibility to drive, they

may bear on the competence inquiry. *See Brewster v. S. Home Rentals, LLC*, No.

3:11CV872-WHA, 2012 WL 5869282, at *2 (M.D. Ala. Nov. 19, 2012) (considering evidence of

policy violations which would result in a determination that an employee is not eligible to drive).

Also, in addition to objective policy compliance or violation, an entrustor's evaluation of the

driver's ability to drive also can be relevant evidence. *See Edwards*, 926 So. 2d at 324 (considering

testimony by the owner of the vehicle that he considered the driver an unreliable operator of the

vehicle and noting with approval another decision which found that testimony by the entrustor that

the entrustee was a reckless driver was evidence of the entrustee's incompetence sufficient to

preclude a directed verdict).

In this case, Trinidad has provided evidence from Brock to show that RDB Trucking policy

was violated, that Brock agreed it had been violated, and that in Brock's view of the policies, they

are policies which promote safe driving.   Brock agreed in his deposition that Moore's violations

of company policy were a "big problem" which deserved "serious action."   (Doc. #54-3 at p.

90-8-9; 96: 22-97:1).   On a page of his deposition provided to the court, Brock agrees that he

cannot keep drivers who continue to break the rules because "it's unsafe driving."   (Doc. #54-3 at

p.96: 7).   Brock further agreed that more than safety ratings are involved because "people can get killed," and agreed that that was why they needed to be strict and take serious action.   (Doc. #54-3 at p. 96: 10-14, 17-97:1).   The court concludes that Brock's testimony would allow a reasonable finder of fact to conclude that the RDB Trucking policies violated were safety policies, and that in RDB Trucking's view, Moore had engaged in unsafe practices.

This case, therefore, is different from other cases cited by the Defendants in which only the driving record is relied upon because, in addition to evidence that Moore had eight infractions, including an accident which RDB Trucking appeared to deem preventable, there is testimonial evidence that company policies served safety interests, and that the driver of the vehicle violated those policies.   Considering this evidence in a light most favorable to the nonmovant, the court cannot conclude as a matter of law that Trinidad has failed to present sufficient evidence of incompetence. *See Brewster*, 2012 WL 5869282, at *3 (finding sufficient evidence of negligent entrustment based on evidence of three speeding tickets, an accident subsequent to hire, and violations of company policies relevant to driver eligibility).

RDB Trucking also argues that even if there were evidence to create a question of fact as to Moore's competence as a driver, Trinidad can point to no evidence of notice or causation.

Liability for negligent entrustment "will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." *Beason v. Gross*, No. 3:07-CV-788-WKW WO, 2010 WL 431227, at *5 (M.D. Ala. Feb. 1, 2010) (quoting *Vines v. Plantation Motor Lodge*, 336 So.2d 1338, 1339 (Ala.1976)).

RDB Trucking argues, without citation to authority, that to establish notice and causation, Moore's incompetence known to RDB Trucking must have related to failure to keep a proper

look-out and improper lane changes, because that is Trinidad's theory for how the accident at issue

occurred.   Because a question of fact has been created as to general incompetence, however, and

because there are questions of fact as to the cause of the accident, the court concludes that the

evidence presented also creates questions of fact as to notice and proximate cause.   A reasonable

finder of fact could conclude that a reasonably prudent person with knowledge of Moore's

infractions and violations of safety policy ought to foresee injury   resulting from the entrustment

of a vehicle to Moore.

RDB Trucking also moves for summary judgment on Trinidad's separate claim that RDB

Trucking failed to properly equip the vehicle.   RDB Trucking states that there is no evidence that

RDB Trucking failed to maintain the vehicle, inspect, or equip and secure the vehicle.   In

response, Trinidad states that he does not intend to pursue negligence claims based directly on

RDB Trucking's failure to maintain the vehicle. (Doc. #54 at p.28).   Summary judgment is due to

be GRANTED as to that claim in Count II.

### B. Wantonness

Wantonness is the conscious doing of some act or the omission of some duty while

knowing of the existing conditions and being conscious that injury will likely or probably result.

*Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994).

RDB Trucking states that Trinidad has no evidence to contradict Moore's testimony that he

did not think he was putting anyone in danger and did not see Trinidad's truck until he already had

pulled out into the road.

Trinidad does not respond with any evidence to establish that Moore was wanton in his

driving.   Summary judgment is, therefore, due to be GRANTED as to a wantonness claim against

Moore individually.   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Rather than pursue a claim against Moore, Trinidad instead argues that RDB Trucking was wanton because it knew of Moore's numerous driving violations, even arguing that RDB Trucking changed the records regarding one action and cause the violation in another regard, and chose not to pursue sufficient corrective action.

A "claim for wanton entrustment requires a slightly modified analysis because wantonness involves a more aggravated state of mind than that required for negligent entrustment" including a showing of knowledge that "entrustment would likely or probably result in injury to others." *Davis v. Edwards Oil Co. of Lawrenceburg*, No. 2:10-CV-2926-LSC, 2012 WL 5954139, at *4 (N.D. Ala. Nov. 28, 2012).   While it is clear that RDB Trucking was aware of Moore's infractions, and a question of fact has been raised as to whether injury was foreseeable, even viewed in a light most favorable to the non-movant, the court cannot conclude that a sufficient question of fact has been raised as to knowledge that entrustment of a vehicle to Moore would likely or probably result in injury to others. *See Brewster,* 2012 WL 5869282, at *4 (denying summary judgment as to negligent entrustment but granting as to wanton entrustment where evidence, including evidence of violation of policies, did not rise to the level of knowledge that entrustment would likely or probably result in injury to others).

## V. CONCLUSION

For the reasons discussed, the partial Motion for Summary Judgment (Doc. #45) is GRANTED in part and DENIED in part as follows:

1.  The Motion is GRANTED and judgment is entered in favor of Daniel Joe Moore, Jr. and RDB Trucking, LLC and against the Plaintiff on his claim in Count II for negligent failure maintain or properly equip the commercial vehicle and all wantonness claims in Count III.

    2.   The Motion is DENIED as to the negligent entrustment claim in Count II.

The case will proceed on the negligence claims in Count I and the negligent entrustment claim in

Count II.


Done this 11th day of August, 2016.


                           /s/ W. Harold Albritton
                           W.  HAROLD ALBRITTON
                           SENIOR UNITED STATES DISTRICT JUDGE