**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| JOSE A. TRINIDAD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   2:15CV323- WHA |
| | ) | |
| DANIEL JOE MOORE, JR., and RDB TRUCKING, LLC, | ) | (wo) |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Defendants' Motion to Preclude the Testimony of Plaintiff's Expert Gary Johnson (Doc. #49).

The admissibility of expert testimony is governed by Fed. R. of Evid. 702 which, as interpreted by the Supreme Court, "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). This "gatekeeping" function is important "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (quotation and citation omitted).

In determining the admissibility of expert testimony under Rule 702, this court must conduct "a rigorous three part inquiry," considering whether:   (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of

scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998).

In determining reliability, the court may ask: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *McCorvey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1256 (11th Cir. 2002). Other factors which may be relevant to a determination of reliability are (1) whether they have developed their opinions expressly for the purpose of testifying, (2) whether there is an analytical gap between an accepted premise and a conclusion, (3) the expert's consideration of alternative hypotheses, (4) the degree of care exercised, (5) and whether the field of expertise is known to reach reliable results. *See* Fed.R.Evid. 702, Advisory Committee's Note.

The Defendants seek to exclude under these rules, and Rule 26 of the Federal Rules of Civil Procedure, the testimony of accident reconstructionist Gary Johnson primarily on the basis that Johnson's testimony as to the events which transpired during the vehicle wreck at issue in this case is not consistent with the testimony of any of the three witnesses to the event, including the Plaintiff, the Defendant, and a third-party witness.

The facts of the case are greatly in dispute. The Plaintiff, Jose Trinidad, testified in his deposition that Defendant Moore drove his vehicle and pulled out of a gas station, turning into the left lane of a four-lane highway. Trinidad has stated that he passed Moore's vehicle on the right, and then Moore accelerated and moved into Trinidad's vehicle's lane, and Trinidad collided with his vehicle. (Doc. #49-6 at p.144-145).

2

Defendant Moore has stated that he pulled out of the gas station immediately into the right-hand lane after making a wide turn. He saw a car pass him on the left. He then saw the Plaintiff's vehicle come up behind him as the car was passing him, and he moved his vehicle toward the right- hand shoulder of the road. The car passed his vehicle and was in front of the Defendant's vehicle when the Plaintiff's vehicle came up behind Moore's vehicle and hit it. (Doc. #49-5).

The third-party driver of the car has stated that she saw Moore's vehicle make a wide turn into the right-hand lane, but passed the vehicle on the left as it was straightening from the turn, and as she passed the vehicle, she heard the impact with Trinidad's vehicle. (Doc. #49-4 at p.23-30).

The Plaintiff's proferred expert, Gary Johnson, has stated in a deposition that he and the Defendants' expert agreed that the facts could not have occurred in the manner in which Trinidad described them. (Doc. #49-1 at p.13-14).   Johnson offers the opinion that Defendant Moore pulled directly into the left lane but the third-party driver of the car had time to pass him on the left, and then Defendant's vehicle moved into the right lane into the Plaintiff's path, where the Plaintiff's vehicle struck his.

A case referenced by the Defendants in their motion provides a basis for analysis of this motion. *See Greenwell v. Boatwright*, 184 F.3d 492 (6th Cir. 1999). In *Greenwell*, an accident reconstructionist introduced a theory of liability that contradicted aspects of the eyewitnesses' testimony. The court agreed with the plaintiffs that testimony by an expert regarding the credibility of eyewitness testimony was improper. *Id.* at 496. The testimony set forth in the opinion was that the expert stated he had "to observe that an event which takes place in a few

seconds, only a certain type of recollection can exist of any person trying to witness, trying to recall an event that takes place in a short time." *Id.* at 495. The court found no prejudice in admitting this testimony, however, because the jury was instructed that it had to weigh the credibility of each witness and could disregard the expert's opinion entirely. *Id.*

The court went on to hold that expert witness testimony is not inadmissible simply because it contradicts eyewitness testimony. *Id.* at 497. The court explained that expert testimony based on physical evidence is admissible, even if it contradicts eyewitness testimony, unless the witness testimony rose to the level of judicial admissions. *Id.*

In this case, any testimony by Johnson as to credibility of the eyewitnesses, would be improper. Testimony based on physical evidence inconsistent with eyewitness testimony is not, however, due to be excluded based merely on inconsistency.

The Plaintiff contends that Johnson's testimony is based on physical evidence and is admissible on that basis. As to Johnson's testimony based on physical evidence in this case, the Defendants contend that Johnson relies on the third-party witness's testimony that she was traveling 60 mph at the time of the accident even though she stated that she is not a good estimator of speeds. The Defendants also argue that the property damage does not match Johnson's opinion and he did not inspect either truck. The Defendants also criticize Johnson's testimony as explaining the calculations made, but not the methodology behind the calculations.

The Defendants do not challenge Johnson's qualifications. Johnson has many years of experience as an accident reconstructionist, has engineering degrees, and is accredited as an accident reconstructionist. The Plaintiff points to the deposition testimony of Johnson in which he states that he based his opinion on the Alabama Uniform Traffic Crash Report, photographs

taken at the scene, depositions, and other physical evidence. The Plaintiff also points to his testimony that Johnson used a computer program, Interactive Driver Response Research, to determine reaction times and to make lane-change calculations. He also explained calculations regarding inline momentum. (Doc. #57-3 at p. 112-113). The Plaintiff also points out that Johnson testified that his reliance on the third-party witness's estimation that she was driving 60 MPH did not have a significant impact on his calculations.

"Expert testimony is admissible which connects conditions existing later to those existing earlier provided the connection is concluded logically." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir.1988). Whether a logical basis for admitting the testimony has been established is within the court's discretion, and the weaknesses in the underpinnings of the expert's opinion go to its weight rather than its admissibility. *Id.* at 663. Thus, "[o]n cross-examination, the opposing counsel is given the opportunity to ferret out the opinion's weaknesses to ensure the jury properly evaluates the testimony's weight and credibility." *Id.*

In this case, Johnson relied on physical evidence in offering his opinion, and explained his calculations, therefore, the court cannot conclude that it is due to be excluded in its entirety. *See Cameron v. Teeberry Logistics, LLC*, No. 3:12cv181-TCB, 2013 WL 7874709 (N.D. Ga. May 21, 2013)(finding that an expert opinion regarding accident reconstruction based on measurements was not due to be excluded even though it was inconsistent with other facts of the case and noting that the plaintiff was free to identify flawed data or facts the expert relied upon in cross-examination).   Accordingly, it is hereby ORDERED that

the Motion in Limine (Doc. #49) is GRANTED only to the extent that opinions of Johnson as to the credibility of eyewitnesses, to the extent they are offered, are excluded. The

Motion is DENIED in all other respects.

DONE this 31st day of August, 2016.

                                                /s/ W. Harold Albritton
                                                W. HAROLD ALBRITTON
                                                SENIOR UNITED STATES DISTRICT JUDGE