IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE A. TRINIDAD § | |
| § | |
| Plaintiff, § | |
| v. § | CASE NO. 2:15-CV-323-WHA-TFM |
| § | |
| DANIEL JOE MOORE, JR. and § | |
| RDB TRUCKING, LLC, § | |
| § | |
| Defendants. § | |

## Plaintiff's Motions in Limine

Plaintiff Jose Trinidad moves the Court to order, before voir dire, that (1) Defendants' attorneys, and through them, any and all witnesses called for Defendants, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion; and (2) Defendants' attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned thereon. Plaintiff asks the Court to order that, if Defendants' attorneys intend to offer evidence of the matters in this Motion, they must first obtain a favorable ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected in this civil action.

In support of this Motion, Plaintiff shows as follows:

### A.

The matters in this motion are inadmissible for any purpose on proper and timely objection because they are not relevant to the issue in this case or the rights of the parties. The matters in this Motion will not have any tendency to make the existence of any material fact more probable or less probable than it would be without the evidence. *See* FED. R. EVID. 401 and 402. Permitting interrogation of the witnesses, comments to the jurors, or offers of evidence on the matters in this Motion is substantially outweighed by the harm to Plaintiff. Instead, it would draw the jury's attention to the prejudicial impact. *See* FED. R. EVID. 101 & 103(c). If

Defendants inject the matters in this Motion into this trial through a party, and attorney or a witness, Defendants will cause irreparable harm to Plaintiff, which no jury instruction would cure. If any of the matters in this Motion are brought to the attention of the jury, directly or indirectly, Plaintiff would be forced to move for a mistrial. To avoid prejudice and a possible mistrial, Plaintiff asks the Court to grant his Motion in Limine.

**B.**

The following matters are the subject of this Motion in Limine:

1) The parties' settlement negotiations or Plaintiff's offers of settlement. Offers to compromise and statements made in comprise negotiations are inadmissible. *See* FED. R. EVID. 408. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* FED. R. EVID. 408.

_____   _____   _____   _____

Agreed        Granted       Modified        Denied

2) References to persons or the purported testimony of persons who have not been properly and timely disclosed in Defendants' responses to Plaintiff's written discovery and in Defendants' Rule 26 disclosures. *See* FED. R. CIV. P. 37; FED. R. EVID. 802 AND 804.

_____   _____   _____   _____

Agreed        Granted       Modified        Denied

3)      References or attempting to introduce documents or tangible things or the contents of documents or tangible things that have not been properly and timely produced or made available to Plaintiff in Defendants' Rule 26 disclosures or in Defendants' responses to Plaintiff's written discovery. *See* FED. R. CIV. P. 37.

_____   _____   _____   _____

Agreed      Granted      Modified      Denied

4)      References to experts or the purported testimony of any expert who has not been identified or whose status as an expert has not been disclosed to Plaintiff. *See* FED. R. CIV. P. 37; *Alldread v. City of Grenada*, 988 F.2d. 1425, 1435-36 (5th Cir. 1993).

_____   _____   _____   _____

Agreed      Granted      Modified      Denied

5)      Expert-witness opinions that have not been disclosed to Plaintiff or are otherwise outside the scope of the expert's written opinion produced during pretrial discovery. *See* FED. R. CIV. P. 37; *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993); *Thudium v. Allied Products Corp.* 36 F.3d 797, 769-70 (8th Cir. 1994).

_____   _____   _____   _____

Agreed      Granted      Modified      Denied

6) References or questioning that suggest or implies that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives have been accused of, or have been found guilty of, any crimes or criminal conduct. *See* FED. R. EVID. 402, 403, 404, 608, and 609. *U.S. v. Carter*, 528 F.2d 844, 846-47 (8th Cir. 1975).

_____    _____    _____    _____

Agreed          Granted         Modified        Denied

7) That Defendants be prohibited from making any reference to, mentioning, eliciting testimony, or offering any evidence relating to Plaintiff or any of Plaintiff's witnesses prior marriages or past romantic relationships. Such matters are not relevant and would be offered only for the impermissible purpose of portraying Plaintiff or Plaintiff's witnesses as a bad person. FED. R. EVID. 402, 403, 404, 406, and 609.

_____    _____    _____    _____

Agreed          Granted         Modified        Denied

8) Any reference to the fact that Plaintiff receives any benefits from any collateral source.

_____    _____    _____    _____

Agreed          Granted         Modified        Denied

9) References, questioning or argument that suggest or implies that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or

representatives have failed to report income to the Internal Revenue Service or any other agency responsible for the assessment and collection of taxes or have not filed state or federal income tax returns in the past. *See* FED. R. EVID. 402, 403, and 404.

_____   _____   _____   _____

Agreed           Granted          Modified         Denied

10) References to or questioning about what effect the verdict or judgment in this lawsuit will or could have on insurance rates, premiums or charges. *See* FED. R. EVID. 402 and 403.

_____   _____   _____   _____

Agreed           Granted          Modified         Denied

11) That Defendants not make reference to, mention, elicit, testimony, or present evidence of any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made by or on behalf of Plaintiff. There is no evidence or allegation that those claims, if any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue in this suit. Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This type of evidence would only be offered for the impermissible purpose of portraying Plaintiff as a bad person. *See* FED. R. EVID. 404, 608(b), and 609(a).

_____   _____   _____   _____

Agreed           Granted          Modified         Denied

12)     That Defendants be prohibited from claiming or stating that the nation's court systems are overloaded due to cases such as this or similar cases or references or statements like "there are too many lawsuits" or "too much litigation." References of this nature are irrelevant and prejudicial. These matters are generally inadmissible, irrelevant and prejudicial to Plaintiff's right to a fair and impartial trial. If relevant and/or admissible, the probation value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID. 401, 402, and 403.

_____     _____     _____     _____

Agreed        Granted        Modified        Denied

13)     That if the Defendants feel any area which is covered by this Motion in Limine or any areas which by their nature are not admissible under the Rules of Evidence or Rules of Civil Procedure such as privileged communications, collateral source, prior settlement offer, etc. or that if the Defendants feel "a door has been opened," that they must, before saying or presenting or exhibiting anything in the jury's presence regarding same, that they approach the bench and make inquiry side bar without the jury being able to hear same in a voice designed so that the jury will not hear same. This particular limine subpart is to be followed regardless of the time of the trial, including arguments.

_____     _____     _____     _____

Agreed        Granted        Modified        Denied

14) That Defendants be prohibited from making any reference to the jury that anyone can "pay some money and make up a lawsuit against another without any legal basis" trying to imply that this lawsuit is "frivolous" or "without merit." Proper remedies and procedures of summary judgments, counter claims, dismissal for failing to state a claim upon which relief can be granted, etc. were all available to the Defendants. FED. R. EVID. 402 and 403.

_____   _____   _____   _____

Agreed            Granted           Modified           Denied

15) Any reference to or introduction of any social media information or activity concerning Plaintiff or any of Plaintiff's witnesses. Such information is not relevant to the issues being tried, it is based on hearsay, and will only serve to confuse the jury. In addition, such information is prejudicial and would have no probative value.

_____   _____   _____   _____

Agreed            Granted           Modified           Denied

16) That Defendants be prohibited from making any reference to any child support obligation of Plaintiff, including the status of child support payments. FED. R. EVID. 402 and 403.

_____   _____   _____   _____

Agreed            Granted           Modified           Denied

17) That Defendants be prohibited from making any reference to any loans that Plaintiff obtained after his injuries. Such loans are not only protected by the attorney-client privilege, they are irrelevant to this issues being tried, and are at least more prejudicial than probative. FED. R. EVID. 402 and 403.

_____    _____    _____    _____

Agreed           Granted          Modified         Denied

WHEREFORE, premises considered, Plaintiff moves this Court to order, before voir dire, that (1) Defendants' attorneys and, through them, any and all witnesses called for Defendants, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion, without first obtaining a favorable ruling from the Court outside the presence and hearing of all jurors or prospective jurors; and (2) Defendant's attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned thereon.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Cesar Tavares*

_____

Cesar Tavares
Texas State Bar No: 24093726
ctavares@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

***Counsel for Plaintiff, Jose Trinidad***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 12th day of September, 2016.

    Andrew J. Sinor, Jr.
    Mardi Thompson Huggins
    Hand Arendall, LLC
    2001 Pak Place North, Suite 1200
    Birmingham, Alabama 35203
        ***Counsel for Defendant RDB Trucking, LLC***

                                                   */s/ Cesar Tavares*
                                                   _____
                                                   Cesar Tavares