IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE A. TRINIDAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2:15cv323-WHA |
| | ) |
| DANIEL JOE MOORE, JR., and | )    (wo) |
| RDB TRUCKING, LLC, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This case is before the court on the Defendants' Motion for Bifurcation (Doc. #75).

The case is proceeding to trial on two claims: a claim for negligence brought against Daniel Joe Moore, Jr. ("Moore") and a claim for negligent entrustment[1] brought only against RDB Trucking, LLC ("RDB Trucking"). Moore's employer, Defendant RDB Trucking, has conceded vicarious liability if Moore is found liable for negligence. The Defendants seek to separate the trials of the Plaintiff's pending negligence and negligent entrustment claims pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

Under Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." The Eleventh Circuit has noted that because Rule 42(b) requires a

---

[1] This claim was originally alleged to include different theories of liability. The Proposed Jury charges submitted by the Plaintiff, however, request an instruction only as to negligent entrustment. (Doc. #81 at p.23).

district court "to balance considerations of convenience, economy, expedition, and prejudice, the decision to order separate trials naturally depends on the peculiar facts and circumstances of each case." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1325 (11th Cir.2000), *overruled on other grounds by*, *Manders v. Lee*, 338 F.3d 1034 (11th Cir. 2003). The Eleventh Circuit reviews decisions on the separation of claims for abuse of discretion. *See Bailey v. Bd. Of Cnty. Comm'rs of Alachua Cnty., Fla.*, 956 F.2d 1112, 1128 (11th Cir. 1992*).*

The Defendants contend that judicial economy is served by separate trials in this case because evidence of negligent entrustment will only become relevant if RDB Trucking's driver, Moore, is held liable. The Defendants also contend that allowing evidence relevant as to negligent entrustment will taint the jury's decision as to the negligence claim against Moore and the direct liability claim against RDB. Finally, the Defendants argue that trying both claims together runs the risk of inconsistent verdicts. Accordingly, the Defendants seek to try this case in two stages: the claims for negligent operation of the motor vehicle in stage one, and the Plaintiff's claim against RDB for negligent entrustment in stage two. The Defendants state further that the court can serve the interests of judicial economy by allowing a determination of damages in the first phase, as there are no additional damages to recover for negligent entrustment.

The Plaintiff argues that separate trials are not necessary to avoid prejudice in this case. He states that much of the evidence pointed to by the Defendants as objectionable, particularly citations of Moore for falsifying his log book, would be admissible as to credibility as well as to negligent entrustment.[2] The Plaintiff also argues that judicial economy would not be served by

---

[2] The court notes, without deciding in the context of this motion, that evidence of log book violations does not as clearly go the credibility of RDB Trucking's owner, Brock, as the Plaintiff

separate trials because witnesses, specifically Moore, RDB Trucking owner Brock, and expert witness John Paul Dillard, would have to testify twice. As to the issue of inconsistent verdicts, the Plaintiff states that special interrogatories to the jury, as he has proposed them (Doc. #81), would remove the risk of inconsistent verdicts. The court agrees with the Plaintiff that the risk of inconsistent verdicts could be avoided through special interrogatories, and so will focus only on the other two bases for the Defendants' Motion.

Federal district courts applying Alabama law have had occasion to consider, and order, separate trials under factual circumstances involving negligence and negligent entrustment claims. *See Howell v. J&J Wood, Inc.,* No. Civil Action, 3:06cv417, 2007 WL 2012820, at *6 (M.D. Ala. July 6, 2007); *Poplin v. Bestway Express*, 286 F. Supp. 2d 1316, 1320 (M.D. Ala. 2003); *see also Crawford v. Andrew Systems, Inc.*, 39 F.3d 1151 (11th Cir. 1994)(noting that the district court in a claim based on a tractor-trailer accident severed an entrustment claim from a negligence claim).

In *Poplin*, this court noted that Alabama cases have concluded that evidence of a driving record, while relevant to negligent entrustment, may be prejudicial and inadmissible as to a negligence claim. 286 F. Supp. 2d at 1320. This court reasoned, therefore, that it would consider a motion to bifurcate the trial on the separate issues if the evidence in support of the negligent entrustment claim is prejudicial to the negligence claim. *Id.* Negligent entrustment "evidence carries with it the potential for prejudice," because a jury could infer improperly that, because a driver had engaged in negligent behavior in the past, he acted negligently on the day in question. *Bruck v. Jim Walter Corp.*, 470 So. 2d 1141, 1144 (Ala. 1985). Possible remedies for

---

contends, because the deposition excerpts he has cited do not necessarily establish that Brock told intentional falsehoods in his deposition.

such potential for prejudice include limiting instructions or ordering separate trials. *Id.* at 1145 (Ala. 1985) (noting that a limiting instruction or separate trials could be appropriate to prevent prejudice).

As these cases make clear, evidence of Moore's prior driving record, which is not relevant for the jury to consider on the issue of Moore's alleged negligent operation of the vehicle, will be prejudicial to the Defendants if considered for an improper purpose. It appears to the court that in this case, a limiting instruction would not be sufficient to prevent prejudice. *See, e.g., Rice v. Blackmon*, 559 So. 2d 1070, 1071-72 (Ala. 1990)(quotation omitted) (noting that if limiting instructions will be insufficient to cure the prejudicial effects of evidence, a court may order a separate trial of a negligent entrustment case).

As noted, the Plaintiff contends that some evidence offered by the Plaintiff may be considered by the jury for the dual purposes of negligent entrustment and credibility. Even accepting that position, other evidence of Moore's driving record, and aspects of Dillard's expert opinion, are relevant only as to negligent entrustment. Therefore, the mere fact that some evidence may be relevant for two purposes does not remove the prejudicial effect of a jury hearing other evidence which is only relevant for negligent entrustment. Furthermore, as to the evidence offered both for negligent entrustment and credibility, instructing a jury that it could consider some evidence both for the purposes of negligent entrustment and for credibility of a witness, but that it could not consider that evidence as to the issue of negligence, runs a substantial risk of confusion of the jury. *See Howell*, 2007 WL 2012820 at *6-7 (considering the danger of jury confusion if the jury were presented evidence which was made irrelevant if the defendants were found not to be negligent, finding that limiting instructions would be insufficient, and concluding the jury would hear the case in two stages). This is particularly true

given that evidence of Moore's driving record may be admissible in the form of a trial exhibit for the negligent entrustment claim, but would not be admissible in that form for credibility purposes. *See* Fed. R. Evid. 608(b) (stating "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness.").

The great potential for prejudice is also evident when the prejudicial effect is considered along with the probative value of the evidence of negligent entrustment in this case. Negligent entrustment is only a relevant issue if negligent driving is proven. *Jones Express, Inc. v. Jackson*, 86 So. 3d 298, 304 (Ala. 2010) (stating that liability for negligent entrustment requires proof of wrongful conduct on the part of the employee). In this case, however, even if negligence is proven, evidence regarding negligent entrustment will not be probative of any separate claim for damages.[3] Because the only damages sought in this case are compensatory, all of the relief the Plaintiff seeks can be awarded as compensation for his negligence claim against Moore and his vicarious liability claim against RDB Trucking. In fact, to serve the interest of judicial economy, the evidence regarding compensatory damages can be presented once, in the first stage of the trial and, should the Plaintiff prevail, the jury can award the Plaintiff full compensation for his damages at that time.

---

[3] The Plaintiff does not dispute in his response that the full relief he seeks can be awarded solely on his negligence claim. In his proposed Verdict Form, he requests that the jury award the same damage amount whether they find for the Plaintiff only on his negligence claim, or whether they find for the Plaintiff on his negligence and negligent entrustment claim. (Doc. #81 at p.28-30).

The court concludes, therefore, that weighing the relevant factors of convenience, economy, expedition, and prejudice, with prejudice weighing very heavily in favor of separate trials, separate trials are warranted in this case.

Therefore, it is hereby ORDERED that the Motion (Doc. #75) is GRANTED.

The Plaintiff's claims against both Defendants for negligent operation of the motor vehicle will be tried in stage one, and, in the event of a Plaintiff's verdict on that claim, the Plaintiff's claim against RDB Trucking for negligent entrustment will be tried in stage two. The jury will be asked to determine damages for negligence at the end of the first stage.

Done this 16th day of September, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE