IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE A. TRINIDAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  2:15CV323- WHA |
| ) | |
| DANIEL JOE MOORE, JR., and RDB ) | (wo) |
| TRUCKING, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on Defendants' Motions in Limine #5, 6, 9, and 11 which are Doc. #'s 94, 95, 98, and 100 respectively.

Motion in Limine #5

The Defendants ask the court to preclude the parties, their counsel, and witnesses from referring to or admitting into evidence reference or implications that Defendant Moore, one of the drivers in this case, attempted to flee the scene after the accident.

The Plaintiff argues in response that there is evidence that Moore chose to drive 1500 feet away from the accident, and that evidence that a driver of a motor vehicle fled the scene of an accident is admissible to show the defendant's admission of guilt as being the cause of the accident.

The court has reviewed cases cited by the Plaintiff. Evidence that a driver failed to stop has been admitted for the purpose for which the Plaintiff argues in this case. *See, e.g., Peterson v. Henning*, 452 N.E.2d 135 (Ill. App. 1983). In this case, however, the evidence is that the

driver, Moore, kept driving for a distance, but stopped. The Plaintiff has not cited any authority for the proposition that intent to flee can be inferred from a distance driven, which then can provide the basis for an inference that the driver is admitting responsibility.

The evidence of the distance Moore drove is relevant as part of the events of that day, and admissible. Any comment about an inference to be drawn from driving that distance, from which the jury is asked to draw an additional inference that Moore was admitting that he was the cause of the accident, however, would be based on speculation, and would be unduly prejudicial under Rule 403. Accordingly, the Plaintiff is not to refer to any inference that Moore fled the scene of the accident at trial unless he feels an inference is justified based on the state of the evidence at that point in the trial, and he first takes the issue up outside of the presence of the jury.

Motion in Limine #6

In their sixth Motion in Limine, the Defendants seek to prohibit the introduction of the Alabama Accident Report made in this case. The Defendants state that the accident report should be excluded on two grounds: one, an Alabama statute, Ala. Code § 32-10-11, gives a privileged status to automobile accident reports; and two, the report is hearsay under the Federal Rules of Evidence.

In response, the Plaintiff argues the accident report is admissible for impeachment pursuant to Fed. R. Evid. 613. Under Rule 613(b), extrinsic evidence of an inconsistent statement is admissible under certain circumstances, if the witness is given the opportunity to explain or deny the statement, and the opposing party is given an opportunity to cross-examine. There may be a need to redact portions of the record if they would be unduly prejudicial under Rule 403, but because the Plaintiff did not attach the exhibit to his response, the court cannot make that

determination at this time.

If such evidence is offered within the requirements of the rule at trial, the court will give a limiting instruction, if requested by the Defendants. See *United States v. Feliciano*, 761 F.3d 1202, 1210 (11th Cir. 2014). Therefore, the Motion in Limine will be denied only to the extent that the Alabama Accident Report is used for impeachment by inconsistent statement.

Motion in Limine #9

In Motion in Limine nine, the Defendants ask the court to prohibit parties and witnesses from referring to non-testifying witnesses. The Plaintiff characterizes this motion as unreasonably vague.

The court agrees that without some identification of the non-testifying witnesses to whom the Defendants refer, the court cannot make a ruling as to relevance under Rule 401, undue prejudice under Rule 403, or hearsay. The Motion in Limine is, therefore, due to be denied. If the Plaintiff solicits testimony regarding non-testifying witnesses which the Defendants contend will violate these rules, the Defendants may object at that time.

Motion in Limine #11

In Motion in Limine eleven, the Defendants seek to exclude reference to liability insurance under Federal Rule of Evidence 411. The Plaintiff has filed no response to this motion, apparently conceding that the evidence should be excluded. Therefore, the Motion in Limine is due to be GRANTED.

For the reasons discussed, it is hereby ORDERED as follows:

1. Motion in Limine #5 (Doc. #94) is GRANTED. The Plaintiff is not to refer to any

inference that Moore fled the scene of the accident at trial unless the Plaintiff first takes the issue up outside of the presence of the jury.

2. Motion in Limine #6 (Doc. #95) is GRANTED as to the Alabama Accident Report as affirmative evidence but is DENIED to the extent that the accident report is admissible for impeachment pursuant to Rule 613.

3. Motion in Limine #9 (Doc. #98) is DENIED.

4. Motion in Limine #11 (Doc #100) is GRANTED and all parties are prohibited from admitting into evidence or from referring to insurance coverage available to the Defendants for the claims in this lawsuit.

Done this 23rd day of September, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE