## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JOSE A. TRINIDAD, | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:2:15-cv-323-WHA** |
| | ) | **(WO)** |
| DANIEL JOE MOORE, JR., and | ) | |
| RDB TRUCKING, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

## INTRODUCTION

This matter comes before the court on the Plaintiff's Motions in Limine (Doc. # 80),

seeking to prevent Defendants from introducing evidence of the following: (1) the parties'

settlement negotiations or the Plaintiff's offers of settlement; (2) references to persons or the

testimony of those who were not disclosed in Defendants' responses to Plaintiff's written

discovery requests and in Defendants' Rule 26 disclosures; (3) references to documents or other

tangible items, or the contents thereof, that were not produced or made available in responses to

Plaintiff's written discovery requests or the Defendants' Rule 26 disclosures; (4) references to

experts or the purported testimony of any expert who was not disclosed to Plaintiff; (5) expert-

witness opinions that have not been disclosed or are otherwise outside the scope of the expert's

written opinion produced during pretrial discovery; (6) suggestions that Plaintiff or any of his

expert witnesses, relatives, agents, employees, attorneys, or representatives have been accused

of, or have been found guilty of, any crimes or criminal conduct; (7) references to Plaintiff's or

his witness's prior marriages or romantic relationships; (8) references that Plaintiff receives any

benefits from a collateral source; (9) suggestions that Plaintiff or his expert witnesses, relatives,

agents, employees, attorneys, or representatives have failed to file state or federal income tax returns; (10) references as to the effect of a verdict or judgment in this case on insurance rates, premiums, or charges; (11) references to any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made or on behalf of Plaintiff; (12) references that the court system is overloaded due to cases like this; (13) references to matters otherwise excluded by the Federal Rules of Evidence and the Federal Rules of Civil Procedure without first inquiring into their admissibility at side-bar; (14) implications that this lawsuit is frivolous or without merit; (15) references to social media activity; (16) references to child support payments; and (17) references to any loans Plaintiff obtained after his injuries.

Defendants do not object to Plaintiffs' Motions in Limine (2), (4), and (13). Accordingly, these Motions are due to be granted. In addition, Defendants do not challenge Plaintiff's Motions with respect to (7), (10), (12), (16), and (17), because, at this juncture, Defendants do not intend to reference these subjects. However, Defendants seek to preserve their admissibility for trial. Therefore, the court will address these items last. For the reasons discussed below, the Plaintiffs' Motions in Limine are due to be Granted in part and Denied in part.

## DISCUSSION

### 1. Settlement negotiations and offers to settle.

Plaintiff first moves this court to exclude any evidence of the parties' prior settlement negotiations or the Plaintiff's offers to settle because they are inadmissible. Defendants counter that, though such evidence is generally inadmissible, Rule 408 of the Federal Rules of Evidence provides that "[t]he court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, [or] negating a contention of undue delay . . . ." FED. R. EVID. 408.

However, because the Defendants have not suggested that they will offer evidence of the parties' settlement negotiations, or for any purpose, Plaintiff's Motion in Limine no. 1 is due to be granted.

### 3.   Responses to document requests and other Rule 26 document disclosures.

Plaintiffs move in limine to exclude any references to documents that were not properly and timely disclosed in Defendant's Rule 26 disclosures and in response to the Plaintiff's written discovery requests. Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a) or 26(e) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendants do not dispute Plaintiff's request.[1] Accordingly, Plaintiff's Motion in Limine no. 3 is due to be granted.

### 5.   Undisclosed expert-witness opinions.

Plaintiff's Motion in Limine no. 5 seeks to exclude expert-witness opinions that have not been disclosed or are otherwise outside the scope of the expert's written opinion produced during pretrial discovery. Defendants respond that Plaintiff "fails to specify exactly what testimony or opinions by Defendants' expert-witness Plaintiff seeks to exclude." (Doc. # 106, p. 3). Further, Defendants contend that Plaintiffs, in effect, waived this motion when they chose not to depose Defendants' experts.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose any witness, including any experts, that a party intends to use at trial. In addition, if the witness intends to proffer expert testimony, the disclosure must be accompanied by a written report, containing: "(i) a complete statement of all opinions the witness will express and the basis and

---

[1] Defendants direct the court to the parties' exhibit lists and subsequent objections for specific objections to documents Defendants intend to introduce at trial.

reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any

exhibits that will be used to summarize or support them; (iv) the witness's qualifications,

including a list of all publications authored in the previous 10 years; (v) a list of all other cases in

which, during the previous years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case." *Id.*

 The court will honor the Rules. However, because Plaintiff does not specifically point out

any expert's opinion that falls outside the scope of Defendant's initial disclosures, the court does

rule at this time on any specific claims that certain expert testimony falls outside the scope of

Defendant's initial disclosures. Nevertheless, Plaintiff's Motion in Limine no. 5 is due to be

granted.  The court rejects Defendants contention that failure to depose an expert witness

constitutes a waiver of the requirement that the witness may not testify to expert opinions not

disclosed in his/her written report.

### 6.  Crimes and other criminal conduct records.

 Plaintiff seeks to exclude any evidence that the "Plaintiff or his expert witnesses,

relatives, agents, employees, attorneys, or representatives have been accused of, or have been

found guilty of, any crimes or criminal conduct." (Doc. 80, p. 4). Defendants respond that the

Rules of Evidence allow such evidence or for particular purposes.

 Rule 404(b) of the Federal Rules of Evidence states, "Evidence of other crimes, wrongs

or acts is not admissible to prove character of a person in order to show action in conformity

therewith." However, "[t]his evidence may be admissible for another purpose, such as proving

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

accident." *Id.* Furthermore, Rules 608 and 609 provide other exceptions to Rule 404(b) when

such evidence bears on a witness's credibility for truthfulness.

In this case, Plaintiff does not direct the court to any particular criminal accusation or conviction that it seeks to exclude. Likewise, Defendants fail to point to any criminal accusation or conviction it intends to offer or their purposes for doing so. Therefore, to the extent that no evidence of criminal conviction will be allowed in violation of the Federal Rules of Evidence, Plaintiff's Motion in Limine no. 6 is due to be granted to the extent that if Defendants wish to question a witness or offer any such evidence they first take the matter up with the court outside the presence of the jury.

### 8.  Collateral sources.

In Plaintiff's Motion in Limine no. 8, Plaintiff moves to exclude the fact that Plaintiff has received any benefit from any collateral source. (Doc. # 80, p. 4). Plaintiff cites no authority, nor offers any support for this Motion. *Id.* In response, Defendants argue that collateral sources are admissible under Ala. Code § 12-21-45.[2] (Doc. # 106, p. 5). Further, they argue that § 12-21-45 is substantive and, therefore, applicable in federal diversity cases.

The court agrees. Ala. Code § 12-21-45 is substantive law for *Erie* purposes. *See Shelley v. White*, 711 F. Supp. 2d 1295, 1296–97 (M.D. Ala. 2010). Accordingly, evidence of collateral source medical payments is admissible in this case. The Plaintiff's Motion in Limine no. 8 is due to be denied.

### 9.  Failure to report income.

---

[2] Ala. Code § 12-21-45 provides, "(a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses.
. . . (c) Upon proof by the plaintiff to the court that the plaintiff is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed, evidence relating to such reimbursement or payment shall be admissible."

Plaintiff's Motion in Limine no. 9 seeks to exclude evidence that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives failed to report income to the IRS or have not filed state or federal income tax returns in the past. Plaintiff cites Rules 402, 403, and 404 of the Federal Rules of Evidence, but otherwise offers no support for his claim. Defendants argue that they should be allowed to offer evidence of the Plaintiff's failure to file income tax returns, if that is the case, because the Plaintiff has put his income in dispute, as he is seeking compensation for loss of past income.

The court is not advised as to whether the Plaintiff, in fact, failed to report income to the IRS or failed to file tax returns in the past and, if so, when. Therefore, the court will reserve ruling on this issue until the Defendants first present the issue to the court outside of the presence of the jury with a factual proffer, if they choose to do so, and Defendants are directed not to mention the issue in the presence of the jury before that has been done.

### 11. Prior lawsuits, workers compensation, disability, unemployment or similar claims.

Next, Plaintiff seeks to exclude evidence of "any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made by or on behalf of Plaintiff." Defendants respond that they should be allowed to show that the Plaintiff was injured in the past in the scope of his employment and filed a Workers' Compensation claim, and that this is relevant because that involved a substantially similar lumbar injury preexisting this accident. While evidence that the Plaintiff had a preexisting injury is relevant for the jury to determine whether his current back complaints were caused by the accident upon which this suit is based, the fact that he filed a Workers' Compensation claim based on it is not.

Moreover, to the extent that such evidence could be probative of the Plaintiff's preexisting condition, after weighing the relevant Rule 403 factors, the court concludes that this

evidence would be substantially outweighed by the danger of unfair prejudice to the Plaintiff. *See Godwin v. Brukhalter*, No. 2:12cv164-WHA-CSC, 2013 WL 4544313, at *1 (M.D. Ala. Aug. 27, 2013) (granting Motion in Limine to exclude evidence of a prior settled lawsuit). Accordingly, Plaintiff's Motion in Limine no. 11 is due to be granted.

### 14. Frivolous claims.

Plaintiff next seeks to prevent Defendants from arguing that the Plaintiff's claims are frivolous; or that "anyone can 'pay some money and make up a lawsuit against another without any legal basis' trying to imply that this lawsuit is 'frivolous' or 'without merit.' " (Doc. # 80, p. 7). This is without merit.

The court finds that this would unduly restrict counsel from arguing that the Plaintiff's claim is without merit based on what he argues to be the facts. Accordingly, Plaintiff's motion in limine no. 14 is due to be denied.

### 15. Social media activities.

Plaintiff's Motion in Limine no. 15 seeks to exclude introduction of the Plaintiff's or his witness's social media information and activity. Plaintiff argues that such information is irrelevant, is based upon hearsay, will only serve to confuse the jury, is prejudicial, and would have no probative value. Plaintiff cites no authority for his arguments.

Defendants argue that such evidence could be admissible for impeachment purposes. The court agrees. Plaintiff's social media information and activity could be relevant to impeach Plaintiff or his witnesses. However, because of its potential to prejudice the Plaintiff and to confuse the jury, the court will reserve ruling on its admissibility until trial. The court advises the Defendants to take up the issue of any such evidence outside of the presence of the jury.

### Remaining Claims (no.'s 7, 10, 12, 16, 17)

Plaintiff finally seeks to prevent Defendants from "making any reference to, mentioning, eliciting testimony, or offering any evidence relating to Plaintiff or any of Plaintiff's witnesses prior marriages or past romantic relationships," (Doc. # 80, p. 4, no. 4); "[r]eferenc[ing] . . . or questioning about what effect the verdict or judgment in this lawsuit will or could have on insurance rates, premiums or charges," (Doc. # 80, p. 5, no. 10); "claiming or stating that the nation's court systems are overloaded due to cases such as this or similar cases or references or statements like 'there are too many lawsuits' or 'too much litigation,' " (Doc. # 80, p. 6, no 12); "making any reference to any child support obligation of Plaintiff, including the status of child support payments," (Doc. # 80, p. 7, no. 16); or "making any reference to any loans that Plaintiff obtained after his injuries," (Doc. # 80, p. 8, no. 17). Plaintiff argues that such evidence is not only irrelevant under Rule 402, but also prejudicial and inadmissible under Rules 403, 404, 406, and 609. Plaintiff otherwise offers no support for these claims.

Defendants' response to all of these Motions is the same: Defendants have no intention of referencing these matters, but the court should reserve ruling on their admissibility at this point because such evidence is not necessarily barred by the Federal Rules of Evidence and could later become relevant at trial. The court agrees.

With this in mind, the court will reserve ruling on the admissibility of the subject matter contained in Plaintiff's Motions in Limine no.'s (7), (10), (12), (16), and (17) until trial. Nevertheless, Plaintiff's Motions are due to be granted to the extent that any such evidence must be offered first outside the presence of the jury.

## CONCLUSION

For the foregoing reasons, Plaintiffs Motions in Limine are ORDERED granted in part and denied in part as set out above.

Done this 26th day of September, 2016.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE