**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JOSE A. TRINIDAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2:15cv323-WHA |
| | ) |
| DANIEL JOE MOORE, JR., and | )       (wo) |
| RDB TRUCKING, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Plaintiff's Objections to Defendants' Amended Exhibit List (Doc. #116).

Some of the Defendants' Exhibits in their Amended Exhibit List are not objected to by the Plaintiff, and will be admitted if offered at trial. They include Exhibits 1, 2, 3, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 27, 28F, 30B, 30C, 30D, 30H, 30I, 30J, 35, 36, 38, 43, 44, 47, 48, 49, 50, 52, 96, 97, 117, 118, 121, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 137, 138, 139, and 143. In response to the Plaintiff's Objections, the Defendants have withdrawn some of their Exhibits, including Exhibits 4, 20, 21, 22, 23, 24, 28-A, 28-B, 28-C, 28-D, 29, 30-F, 30-G, 42, 43, 47, 50, and 58. The court will, therefore, only address the Plaintiff's objections to exhibits which the Defendants intend to offer at trial.

The objections to Exhibits 44, 45, 46, 54, 56A-C, 57, 59, 60-90, 94, 95, 98, 99, 100, 114, 115, 119, and 122 are addressed by separate Order in response to the Plaintiff's argument that the Defendants failed to timely disclose these exhibits. However, the Plaintiff also objected to

Exhibits 48, 49, 50, 58, 91, 101, and 113 on the same non-disclosure ground, but, although given additional time in which to respond to the Defendants' argument, did not respond as to those exhibits, either conceding that they were disclosed, or failing to show any prejudice from the failure to timely disclose them. The objections to those exhibits, therefore, are due to be OVERRULED.

The Plaintiffs' objections to the remaining exhibits on the Defendants' Amended Exhibit List, and the Defendants' responses are as follows:

Exhibit 5—This exhibit consists of the Plaintiff's objections and responses to Defendant RDB Trucking, LLC's Interrogatories. The Plaintiff objects to the exhibit on the grounds that this exhibit contains a discussion of collateral source evidence, Plaintiff's legal objections, and irrelevant information such as requests for information as to prior irrelevant lawsuits, an old bankruptcy, and prior crimes.

The Defendants' response in favor the admissibility of this exhibit is two-fold. The Defendants first contend that the Plaintiff's objection is improper because it should have been raised before the deadline for objections to the original, not the Amended Exhibit List.  This is an argument raised by the Defendant in response to multiple objections by the Plaintiff, so the court will address it here, but the reasoning is generally applicable to all of the Defendants' similar responses to objections to its Amended Exhibit list.

The issue of timing of the Plaintiff's objections is a complicated one because the court gave the parties additional time in which to file an Amended Exhibit List which more specifically identified exhibits and gave additional time in which to object to the newly-identified exhibits.  (Doc. #76).   The Defendants' timely-filed Amended Exhibit List, however,

contains all of its exhibits, and not just newly-identified exhibits. (Doc. #89). Therefore, the court does not find it appropriate to disregard the Plaintiff's objections to the Amended Exhibit List.

Substantively, as to Exhibit 5, the Defendants respond that the exhibit is admissible over the Plaintiff's objections because it contains sworn statements, and that evidence as to collateral source is admissible. The court has reviewed the exhibit. While there are detailed requests which mention the categories of evidence identified by the Defendants, the Plaintiff's responses are not substantive. Instead, the Plaintiff's responses consist of objections to the vagueness of the request, or include statements such as, "[t]o the extent Plaintiff has responsive documents, they will be produced." While admission of a party can be admissible, and, as discussed in ruling on a separate motion in limine on collateral sources, collateral source evidence can be as well, the court can discern no basis for admission of the responses by Plaintiff as contained in Exhibit 5. The objection is due to be SUSTAINED.

Exhibit 6 is the Plaintiff's First Supplemental Objections and Responses to Defendant RDB Trucking, LLC's Second Interrogatories and Requests for Production. The Plaintiff objects to the admission of this exhibit and argues that this exhibit contains Plaintiff's legal objections and irrelevant information and account numbers in his tax returns. The Defendants respond that personal information will be redacted and that the exhibit contains sworn statements by the Plaintiff.

Unlike in Exhibit 5, in Exhibit 6, there is a substantive answer by the Plaintiff in response to the Defendants' requests. The Plaintiff sets out in the exhibit the equipment which was maintained on the Plaintiff's truck at the time of the accident. If the Defendants feel that that

information is relevant, the Defendants will be directed to redact the exhibit so that it only includes that portion of the exhibit.

The Plaintiff's tax returns also constitute a portion of Exhibit 6 and are the subject of a Motion in Limine regarding failure to report income. Therefore, this portion of this exhibit is subject to the order on that motion. If the Defendants contend that the tax records are admissible, they are to redact the tax returns to exclude personal information, and take up the admissibility of this exhibit outside the presence of the jury.

Exhibit 7 -11 are the reports and CVs of expert witnesses. Specifically, Exhibit 7 is the report and CV of Expert Witness Joshua D. Moore, Exhibit 8 is Expert report and the CV of Andrew Cordover, and Exhibit 9 is the Expert report and CV of John Dahlbert, Exhibit 10 is the Expert Report and CV of John McKinney, and Exhibit 11 is Expert Report and CV of Bill Messerschmidt. The Plaintiff does not object to the CVs, but objects to the reports as hearsay.[1]

The Defendants respond only that the Plaintiff failed to object to these when they were initially designated, an objection which the court does not sustain, for the reasons previously stated.

While the experts may testify as to opinions contained within their reports at trial, the reports will not be admitted into evidence. *See, e.g.*, *Mahnke v. Washington Metro. Area Transit Auth.,* 821 F. Supp. 2d 125, 154 (D.D.C. 2011) (noting that medical reports prepared by experts

---

[1] The Defendants have objected to the admission of the Plaintiff's experts' CVs, and the Plaintiff has responded that Defendants should not be allowed to offer their expert CVs if the Plaintiff is not. By separate order, the court has stated that if the Defendants object to the Plaintiff's experts' CVs at trial, the court also will not admit the CVs of the Defendants' experts.

are hearsay and are not admissible into evidence pursuant to Fed.R.Evid. 802). The objections to the reports as exhibits are due to be SUSTAINED.

Exhibit 12—is listed as information in reliance file of Joshua D. Moore. The Defendants state on their Amended Exhibit List that Exhibits 12 through Exhibit 27 are only intended to be offered if it becomes necessary to rebut the Plaintiff's trucking safety expert on negligent entrustment. Within Exhibits 12 through 27, the Plaintiff objects to Exhibits 12, 23, 24, and 26. The Defendants have withdrawn exhibits 20, 21, 22, 23, and 24.

The submission by the Defendants in response to the Plaintiff's objections skips from Exhibit 11 to Exhibit 26. The court cannot determine, therefore, whether Exhibit 12 is admissible. It may be that it can be used, as indicated, for rebuttal, but the objection is due to be SUSTAINED as to the use of Defendants' Exhibit 12 as affirmative evidence.

Exhibit 26—this exhibit consists of Jose Trinidad's driver's logs. The Defendants respond that this is part of the trucking safety expert's file. If the expert relied on this evidence, he may be able to testify consistently with that reliance, but that does not make the document admissible as an exhibit, and the objection is due to be SUSTAINED. If the Defendants contend that this exhibit is admissible, they will have to take up that issue outside of the presence of the jury. Also contained within this exhibit is a log also listed by the Defendants as Exhibit 45. The objection that exhibit is discussed in a separate Order.

Exhibit 28—is listed as information in reliance filed of Andrew Michael Cordover. The Plaintiff objects stating that it does not appear that this evidence was produced. The Defendants clarify that what formerly was identified as Exhibit 28 has been broken up into various exhibits

28A—F.  This objection is, therefore, due to be SUSTAINED, because there is apparently no free-standing Exhibit 28 being offered. Exhibits 28A, B, C, and D have been withdrawn.

Exhibit 28-E—consists of medical records reviewed by Dr. Iversen.  The Plaintiff objects to these as not being properly identified or produced.  The Defendants respond that these are the medical records which were relied upon by Dr. Iversen.  The objection is due to overruled because the Plaintiff has not disputed that his expert had, and relied on, these records.

Exhibit 30—this exhibit is listed as information in reliance file of John W. McKinney, III, and is objected to as not having been produced in discovery.  The Defendants respond that this exhibit contains information in John McKinney's file and will only be offedred if it becomes necessary to rebut the Plaintiff's vocational expert.  There is no Exhibit 30 attached, so it appears that there is no Exhibit 30, but only Exhibits 30A-G. The objection is due to be SUSTAINED since there is no separate Exhibit 30.

Exhibit 30-A—the Plaintiff's interrogatory responses (Doc. #147-2 at p.46). The Plaintiff objects on grounds that this evidence includes discussion of collateral sources, includes irrelevant information such as requests seeking information beyond the relevant time period, prior lawsuits, a prior bankruptcy, and old prior crimes.  As discussed above, if there is a portion which can be considered as an admission, or relevant evidence as to collateral source, the rest of the document will have to be redacted.  Defendants should first take this up outside of the presence of the jury.

Exhibit 30-E—the deposition of Jose Trinidad is objected to as hearsay.  The Defendants respond that a deposition of an adverse party can be used for any purpose under Fed. R. Civ. Pro. 32. While the Defendants may certainly use the deposition in cross-examining the Plaintiff, and

can use timely designations from a deposition as evidence read at trial, use of a deposition does not require, and the court will not allow, the deposition to be admitted as an exhibit. The objection is due to be SUSTAINED.

The Defendants have withdrawn Exhibit 30 F&G.

Exhibit 31—information in the reliance file of Bill Messerschmidt is objected to as not having been timely produced. Again, there is no exhibit 31, but the exhibits formerly listed as Exhibit 31 are now contained in exhibits 31A-41.

Exhibits 32, 33, 34—map of site, photographs, and video prepared by Messerschmidt Safety Consultants, are all objected to by the Plaintiff as not having been timely produced.

The Defendants responded that these exhibits were identified in the expert disclosure provided to the Plaintiff on April 25, 2016 and were provided to the Plaintiff when they were identified on the exhibit list.

In his separate response to the court's Order requesting the Plaintiff's response to the Defendants' contention that various documents had been produced, the Plaintiff does not address these exhibits. Therefore, the Plaintiff apparently concedes that they were produced, and has made no objection based on admissibility. Accordingly, these objections are due to be OVERRULED.

Exhibit 37—information decoded from the VIN numbers of the tractors is objected to as irrelevant and as not being timely produced. The Defendants respond that this exhibit was identified in the expert disclosure produced on April 25, 2016. The Defendants do not respond to the relevance objection, only stating that the information is "reliance file information" for the Defendants' accident reconstructionist. The accident reconstructionist can testify to information

upon which he based an opinion, but until the Defendants make a showing as to relevance and admissibility outside of the presence of the jury, the objection to the admission of Exhibit 37 as an exhibit to be considered by the jury is due to be SUSTAINED.

Exhibits 39 and 40 are identified as a publication about acceleration and a drive response times, respectively, which the Plaintiff objects to as hearsay and not having been produced. Again, the Defendants represent that these were produced on April 25 and the information is in the accident reconstructionist's file. The Defendants further state that the Plaintiff's accident reconstructionist testified in his deposition that these articles are generally accepted in the field of accident reconstruction.

Rule 803(18) of the Federal Rules of Evidence states that a statement in a learned treatise or periodical which is relied on by the expert and is established as a reliable authority may be read into evidence but not received as an exhibit. Therefore, while the accident reconstructionist may read from the articles if the Defendants establish that they meet the requirements of the rule, the objection is due to be SUSTAINED as to these documents being admitted as exhibits.

Exhibit 41—this exhibit consists of photographs of accident reconstruction which are objected to by the Plaintiff as hearsay and lacking foundation. The Defendants respond that they will lay the appropriate foundation for the pictures and may also use them as demonstrative aids. The proferred exhibits are photographs at the scene with superimposed drawings and captions which identify the three vehicles at issue, and purport to pinpoint the location of those vehicles at various points in time. With proper foundation, these may be used as demonstrative aids, but the objection is due to be SUSTAINED as to these demonstrative aids being admitted as exhibits.

Exhibit 43—certification of documents received from third-party subpoena of Gallagher Bassett Services has been withdrawn by the Defendants, with the statement that they will only use it if the Plaintiff objects to authenticity.

Exhibit 135 is also listed by the Defendants as DELETED

Exhibit 136 is identified as all income and wage information and is objected to as being unclear. The exhibit is comprised of earning statements and tax returns, which is subject to the court's ruling on the Motion in Limine on that subject.

Exhibit 140, 141, 142, 144 are objected to as catch-all categories which include exhibits which have not been introduced. The objection is due to be SUSTAINED as to these exhibits. If new exhibits need to be identified for trial after the discovery allowed by the court in its Order on the Motion to Continue, the parties can file appropriate motions at that time.

Accordingly, it is hereby ORDERED that the Objections are SUSTAINED in part and OVERRULED in part as follows:

1. Exhibits of the Defendants which have not been objected to by the Plaintiff or withdrawn by the Defendants and which will be admitted if offered are Defendants' Exhibits 1, 2, 3, the cvs in 7-11, 13, 14, 15, 16, 17, 18, 19, 25, 27, 28F, 30B, 30C, 30D, 30H, 30I, 30J, 31A, 35, 36, 38, 96, 97, 117, 118, 121, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 137, 138, 139, and 143.

2. Exhibits to which an objection has been SUSTAINED, but the admissibility of which may be addressed outside of the presence of the jury are Defendants' Exhibits 6 (redacted), 26, 30A, 37, and 136.

3. Exhibits to which objections are SUSTAINED and the exhibits will not be admitted as trial exhibits, although some may be used for other purposes as discussed above, are Defendants' Exhibits 5, the reports in 7- 11, 12, 30E, 39, 40, 41, 140, 141, 142, 144.

4. Exhibits which may be admitted because the objections are OVERRULED, as discussed, are Defendants' Exhibits 28E, 32, 33, 34, 48, 49, 91, 101, and 113.

5. Objections are SUSTAINED as to Defendants' Exhibits 28, 30, 31 because there are no separate exhibits offered with those numbers.

As noted, a separate Order has been entered on the remaining objections to exhibits.

Done this 22nd day of December, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE