IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE A. TRINIDAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 2:15cv323-WHA |
| | ) |
| DANIEL JOE MOORE, JR., and | )    (wo) |
| RDB TRUCKING, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Plaintiff's Amended Objections to Defendants' Amended Exhibit List (Doc. #168) and the Motion to Strike (Doc. #169).[1]

On October 12, 2016, this court allowed the Plaintiff additional time to raise objections to specific exhibits on the Defendants' Amended Exhibit List (Doc. #163). These exhibits include the following: Defendants' Exhibits 44, 45, 46, 54, 56A-C, 57, 59, 60-90, 94, 95, 98, 99, 100, 114, 115, 119, and 122. (Doc. #163 at p.1). These Amended Objections were filed on November 2, 2016 (Doc. #168) and Defendants Responded on November 16, 2016 (Doc. #169).

Some exhibits are not objected to by the Plaintiff, and will be admitted if offered at trial-- Exhibit 44 and Exhibit 46 with collateral source information redacted.[2]  The Defendants have not

---

[1] The Defendants have moved to strike the objections which fall outside of the scope of the court's Order. That motion is due to be GRANTED.  The court will, however, allow the objection to Exhibits 114 and 115 to apply to Exhibit 113, to the extent that it is also a cellular phone record subject to the same analysis.  The court also notes that there is no objection to Exhibit 53 and 93.

[2] The Defendants have not responded to the qualifier that Exhibit 46 be redacted.

responded to the objections to Exhibits 45, 54, 59, 94, 95, 98, 99, 100 so the objections to those exhibits are SUSTAINED and those exhibits will not be admitted.

The court therefore turns to the remaining objections to the exhibits as allowed for during the additional period for objection by the court's Order.

Exhibit 56 A, B, C—the Plaintiff objects to these exhibits as irrelevant and as presenting unfair prejudice. The Defendants respond that these documents are relevant because they demonstrate the training and experience Trinidad has in driving a commercial motor vehicle which is relevant to causation and to the contributory negligence defense.

There is no separate Exhibit 56. Exhibits 56 B and C contain reference to a 2001 DUI conviction of Trinidad. The court cannot conclude that this old conviction has been shown by the Defendants to have a probative value which substantially outweighs its prejudicial effect. *See* Fed. R. Evid. 609(b). The objections to Exhibits 56, 56 B, and C are SUSTAINED.

As to Exhibit 56 A, this exhibit is a two-page Transcript from Roadmasters Drivers School of Orlando, which contains high scores and a checklist of documents. The court cannot discern how this document is relevant to the Defendants' position on causation for the accident in question or contributory negligence. Therefore, the objection is SUSTAINED as to this exhibit, but if the Defendants contend that it is relevant, they may take up this evidence again outside of the presence of the jury.

Exhibit 57—the Plaintiff objects to this exhibit on the ground of authenticity, relevance, and hearsay. The Defendants respond only that it is relevant to past and future lost wages claims by the Plaintiff. While the relevance of the exhibit may have been demonstrated, the Defendants have not provided a basis for concluding that the document is authentic or meets an exception to

the hearsay rule.  Therefore, the objection is SUSTAINED at this time, subject to being revisited if foundation is laid for this exhibit at trial.

Exhibits 60-90, 119 and 122 are medical records of the Plaintiff.  The Plaintiff objects to these exhibits as being irrelevant because they concern an accident that occurred years before the accident at issue, and, the Plaintiff argues, the Defendants' medical expert did not offer the opinion that Plaintiff was suffering from a pre-existing condition at the time of the accident, so the Defendants should not be allowed to present this evidence without a foundation. The Plaintiff represents that the condition was suffered in 2010 and had resolved by the time of this accident in 2014.

The Defendants' response is that the prior injury to the same area of Trinidad's body is relevant to the cause of his current problems and that a layperson can readily appraise the relationship between those injuries.  The Defendants also state that the Plaintiff's expert, Dr. Iversen, did not examine the previous records and so the exhibits are relevant for cross-examination.

The Defendants' argument is that a layperson can evaluate the medical evidence and determine that the previous injury is related to the Plaintiff's current injury so that the jury can take that injury into account in assessing the damages suffered by the Plaintiff and in evaluating the experts' testimony.  Without the causal connection between the previous and current injury, evidence of the previous injury is not relevant, and introducing evidence of it would be confusing to the jury and present a danger of unfair prejudice to the Plaintiff.   The Defendants do not dispute the Plaintiff's position that their medical experts do not offer the opinion that Plaintiff was suffering from was a pre-existing condition.  Defendants essentially request that the jury perform a role that requires expert testimony. *See, e.g., In re Trasylol Products Liability*

*Litigation*, No. 08-MD-1928, 2013 WL 1343529, at *10 (S.D. Fla. Apr. 2, 2013) (discussing expert testimony regarding differential diagnosis). Accordingly, the objections are SUSTAINED. If the Defendants contend that they can lay a foundation which will support the Defendants' theory, they can take that matter up outside of the presence of the jury.

Additionally, while the Plaintiff has objected to Exhibit 91 on the basis of relevance. Exhibit 91 was ordered to be responded to (Doc. #154) as to the argument that it had not been produced but was not (Doc. #160), and therefore objection that objection was overruled in a separate order. The relevance objection is a new one, not allowed by the court's Orders, and is, therefore, also OVERRULED.

Exhibits 113-115—the Plaintiff argues that these cell phone records are irrelevant because there is no indication that Trinidad was using his cell phone at the time of the accident, so introduction of the records would allow for speculation.

This court has had occasion to address cellular phone record evidence in a previous case. *See McKinney v. Kenan Transp*., LLC, No. 2:14-CV-002-WHA, 2015 WL 1198692, at *3 (M.D. Ala. Mar. 16, 2015). In that case, this court reasoned that although it had been presented with evidence that the collision at issue occurred before a certain time, the evidence did not establish an exact time, so that evidence that the driver was engaged in cellular phone communication at a particular time was of limited probative value in the absence of evidence establishing a more exact time of the collision. *Id.* This court further reasoned that any relevance the cellular phone call has under these circumstances is of such limited probative value that it is substantially outweighed by the danger of unfair prejudice under Rule 403. *Id.* The court also concluded, however, that during the presentation of evidence at trial, if evidence by eyewitnesses more exactly pinpoints the time of the collision so that the probative value of the driver's cellular

phone communication becomes greater, the issue of the admissibility of the cell phone usage could be taken up outside of the presence of the jury.  *Id.*  The court concludes that the same analysis applies here, so the objection is SUSTAINED as to Exhibits 113, 114, and 115, subject to being revisited outside of the presence of the jury at trial.

It is further ORDERED that the Motion to Strike (Doc. #169) is ORDERED GRANTED.

Done this 22nd day of December, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE