IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE A. TRINIDAD | ) |
| | ) |
|    Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2:15CV323-WHA |
| | ) (WO) |
| DANIEL JOE MOORE, JR., and RDB | ) |
| TRUCKING, LLC, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on the Defendants' Objections to Plaintiff's Amended Exhibit List ("Defendants' Objections") (Doc. # 107). Plaintiff, Jose A. Trinidad, filed an Exhibit List (Doc. # 70) on August 15, 2016, to which Defendants, Daniel Joe Moore and RDB Trucking, LLC, timely objected (Doc. # 88). However, due to a lack of specificity in identifying their exhibits, the court ordered the parties to file Amended Exhibit Lists by September 12, 2016 and to file objections to any newly-identified exhibits by September 19, 2016 (Doc. # 76). Pursuant to the court's order, Plaintiff filed a First Amended Exhibit List (Doc. # 82), and Defendants filed these Objections (Doc. # 107).[1] For reasons discussed below, Defendants' Objections are due to be SUSTAINED in part and OVERRULED in part.

---

[1] Instead of merely filing objections to any newly-identified exhibits in Defendants' Objections to Plaintiff's Amended Exhibit List (Doc. # 107), as ordered by the court (Doc. # 76)—yet perhaps out of an abundance of caution—Defendants re-filed all of their initial objections alongside their additional objections to Plaintiff's newly-identified exhibits. As such, it appears to the court that Defendants' Objections to Plaintiff's Amended Exhibit List (Doc. # 107) take the place of Defendants' [initial] Objections to Plaintiff's Exhibit List (Doc. # 88). Likewise, Plaintiff's Response to Defendants' Objections to Plaintiff's Amended Exhibit List (Doc. # 149) takes the place of Plaintiff's Response to Defendants' Objections to Plaintiff's Exhibit List (Doc.

## II.  DISCUSSION

Plaintiff's First Amended Exhibit list contains a list of eighty-six (86) exhibits (Doc. # 82). Defendant objected to sixty-seven (67) of them (Doc. # 107). Though Plaintiff responds to some of Defendants' Objections, Plaintiff concedes thirty-two (32) of them, leaving thirty-five (35) objections to be decided by the court. The court will address the objections Plaintiff has conceded first and then will turn to the remainder of Defendants' Objections.

1. **Conceded Objections – Plaintiff's Exhibits No.'s 5, 9, 11, 12, 13, 18, 19, 21, 22, 24, 26, 27, 29, 30, 42, 53, 54, 57, 62, 63, 64, 65, 66, 67, 73, 74, 77,79, 80, 81, 83, 85**

First, Plaintiff failed to respond to some of Defendants' Objections or responded that Plaintiff "will not offer [said Exhibit]" for Defendants' Objections to Plaintiff's Amended Exhibit List No.'s 5, 9, 11–13, 18–19, 21–22, 24, 26–27, 29–30, 53–54, 57, 62–67, 73–74, 77, 79–81, 83, 85. Accordingly, Plaintiff concedes these objections. Thus, Defendants' Objections as to these exhibits are due to be sustained and these exhibits will not be admitted.

2. **Plaintiff's Exhibit No. 3**

Defendants object to Plaintiff's Exhibit No. 3, labeled Police Report, citing Ala. Code § 32-10-11, hearsay, improper lay opinion, Rule 403, and relevance as bases for their objection. Plaintiff responds by reference to its Response to Defendant's Motion in Limine # 6, in which the Plaintiff argued that the same "report is admissible as impeachment evidence because it contains witness testimony for witnesses who may be called at trial." (Doc. # 122, p. 1).

Since the court has already denied Defendants' Motion in Limine # 6 (Doc. # 95) as to the same evidence so long as it is used for impeachment purposes as a prior inconsistent

---

# 129). Accordingly, Defendants' [initial] Objections to Plaintiff's Exhibit List (Doc. # 88) are due to be OVERRULED as moot.

statement (Doc. # 138, p. 3), to the extent Plaintiff seeks to offer the police report for purposes other than impeachment, the court will sustain the objection.

However, because Plaintiff did not attach the Police Report to its Response to Defendants' Motion in Limine # 6, the court withheld ruling on the admissibility of it under Rule 403 of the Federal Rules of Evidence. Now, after having viewed the report, the court finds that the Defendants' Objection is due to be sustained as to the entire document being admitted, but if the Plaintiff wishes to offer a redacted copy of the report for the sole purpose of impeachment the offer must first be taken up outside the presence of the jury.

### 3. Plaintiff's Exhibit No. 4

Defendants object to Plaintiff's Exhibit No. 4, which consist of Defendant Moore's driver's logs. Defendants claim that Moore's driver's logs are irrelevant. Plaintiff argues that Moore's driver's logs are "relevant to potential fatigue as shown by poor decisions and lack of adequate logs as testified to by R. Brock during his deposition." (Doc. 149, p. 1). Rule 401 of the Federal Rules of Evidence, which governs the test for relevant evidence, states that relevant evidence is evidence that has any tendency of making a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. In this case, Moore's driver's logs for the dates of October 13, 2014 and October 14, 2014, the date of the accident, are relevant to show breach of the duty of care, an element of Plaintiff's negligence claim on the basis advanced by the Plaintiff. Questions concerning the weight to accord such evidence are not for this court to make. *See United States v. Goodman*, 850 F.2d 1473, 1479 (11th Cir. 1988). Instead, the jury will have to decide whether evidence taken from Defendant Moore's driver's log proves that he breached the standard of care for drivers in the tractor trailer

industry. As such, Defendants' objection to Plaintiff's Exhibit No. 4 is overruled as to pages 1 and 2, but sustained as to the remainder.

### 4. Plaintiff's Exhibits No.'s 6–8, 10, 14

Defendants object to seven (7) exhibits, including No.'s 6, 7, 8, 9, 10, 11, and 14, stating they are "irrelevant because Moore's agency has been stipulated to by RDB, thereby making the negligent entrustment claim unnecessary" or, alternatively, that "the evidence identified here is not relevant or material to how the accident made the basis of this lawsuit occurred or who caused it" (Doc. # 107, p. 2, n.*). Moreover, Defendants argue that "[t]his evidence will serve only to confuse and inflame the jury and will unduly prejudice the Defendants, as is explained in the Motion to Bifurcate [Doc. # 75], which is adopted as if fully set forth herein, and which was granted by the Order of the Court on September 16, 2016."

As to Plaintiff's Exhibit No. 6, entitled "Invoice & Bills of Lading," Plaintiff responds that he will only offer Plaintiff's Exhibit No. 6 for rebuttal. However, because Plaintiff fails to indicate the intended purpose for offering the Invoice & Bills of Lading, the court cannot rule on their admissibility at this point. To the extent Plaintiff seeks to offer this evidence to prove agency, however, it is inadmissible and Defendants' objection is due to be sustained. Defendants rightly point out in their objections that "Moore's agency has been stipulated to by RDB" (Doc. # 107, p. 1, n.*). However, to the extent it is offered for another purpose, Plaintiff must seek approval outside the presence of the jury.

Plaintiff's Exhibit No. 7 is a United States Department of Transportation Certificate. Plaintiff responds to Defendants' objection, saying it is "[r]elevant to negligent entrustment and potential wantonness claim . . . ." (Doc. 149, p. 1). However, the copies of the exhibit attached to Plaintiff's Response (Doc. 149, Attachment 4, pp. 2–3) are completely illegible in the sense that

the court cannot reasonably examine the Exhibits in the format in which they have been presented. Therefore, the Objection to Exhibit 7 is due to be sustained, provisionally, and Defendants, their counsel, and their witnesses are not to refer to this Exhibit unless and until their admissibility has been taken up outside the presence of the jury.

Plaintiff responds to Defendants' Objection to Plaintiff's Exhibit No.'s 8 and 10, which consist of Texas Commercial Vehicle Enforcement & Vehicle Reports ("Texas Reports") and Daniel Moore's Personnel File, respectively, by referencing Plaintiff's Response to Defendants' Motions in Limine No.'s 2 (Doc. # 112) and 4 (Doc. # 113), in which Plaintiff argued that Moore's driving record and RDB's safety policy violations were relevant to prove Moore's incompetence and RDB's knowledge of Moore's alleged incompetence. In response to those Motions, the court explained that evidence of Moore's driving record and RDB's safety policy violations are relevant to prove negligent entrustment. *See Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 417 (Ala. 2005) ("Evidence of [Plaintiff's] driving record was highly relevant, if not essential, to the plaintiff's ability to show knowledge on the part of the corporate defendants."); *see also Trinidad v. Moore*, No. 2:15cv323-WHA, 2016 WL 4267951, at *4 (M.D. Ala. Aug. 11, 2016); (Doc. # 65, p. 7). Therefore, Defendants' Objection to Plaintiff's Exhibit No. 8 and 10 are due to be overruled in accordance with this courts' prior ruling, to the extent that the Texas Reports are admissible, but only in the second trial to prove negligent entrustment.

Plaintiff's Exhibit No. 14 consists of "Accident Registries." Plaintiff responds to Defendants' Objection to the Accident Registries by stating that it is relevant to Plaintiff's negligent entrustment claim and by referencing Plaintiff's Response to Defendants' Motion in Limine # 13 to Exclude Evidence of a Clerical Mistake in RDB's Accident Register (Doc. #

126). In ruling on Defendants Motion in Limine # 13, the court has previously stated that the question of whether RDB's notation was a clerical mistake or an intentional alteration is one to be decided by the jury. Accordingly, Defendants' Objection with respect to Plaintiff's Exhibit No. 14 is due to be overruled to the extent that it may be admitted in the second trial.

5. **Plaintiff's Exhibits No.'s 15, 16, & 17**

Defendants object to Plaintiff's Exhibit No.'s 15–17, which consist of thirty-two (32) pages of truck maintenance records, six (6) pages of truck inspection reports, and one hundred fifty-one (151) pages of a Commercial Driver's License Handbook. Defendants argue that these exhibits are irrelevant or, otherwise, inadmissible under Federal Rule of Evidence 403, because claims related to the maintenance of Moore's vehicle were abandoned and have been dismissed. Plaintiff responds that they "would only be offered in rebuttal." (Doc. # 149, p. 2).

Defendants' objection is due to be sustained. If Plaintiff desires to offer any of these exhibits, Plaintiff must take the issue up with the court outside the presence of the jury.

6. **Plaintiff's Exhibits No.'s 20, 23, 25, 28, & 31**

Plaintiff's Exhibits No.'s 20, 23, 25, 28, and 31 consist of expert curricula vitae (CV) for Plaintiff's experts Paul Dillard, Gary Johnson, Sasha Iversen, Randy Salmons, and Ken McCoin ("Expert CVs"). Defendants object to these Expert CVs, arguing that they are hearsay and irrelevant (Doc. # 107, pp. 2–3). Plaintiff responds that these Expert CV's are not offered to prove the truth of the matter asserted; [2] however, again, Plaintiff does not advise the court as to any purpose Plaintiff is offering its Expert CVs (Doc. # 149, p. 2). Nevertheless, by themselves, Expert CVs are out of court statements offered to prove the truth of the matter asserted and,

---

[2] In addition, Plaintiff argues in response that if he is not allowed to offer his Expert CVs, Defendants should not be allowed to offer their Expert CVs. The Plaintiff did not object to Defendants' Expert CVs and the court ordered them admitted without objection. However, Plaintiff may offer these CVs at trial and, if Defendants still object, the court will also not admit CVs of the Defendants' experts.

accordingly, fall within the definition of hearsay. *See* Fed. R. Evid. 802; *Sheffield v. State Farm Fire & Cas. Co.*, No. 5:14-CV-38, 2016 WL 3548550, at *8 (S.D. Ga. June 23, 2016). Thus, Defendants' Objections to Plaintiff's Exhibits No.'s 20, 23, 25, 28, and 31 are due to be sustained.

7. **Plaintiff's Exhibit No. 32**

Defendants' next object to Plaintiff's Exhibit No. 32, which includes a record of Trinidad's past social security earnings. Defendants argue that this evidence is irrelevant and improper under Rule 403 of the Federal Rules of Evidence. Plaintiff responds that this evidence is relevant to its lost wage claim. The court agrees. The jury is entitled to a complete picture of Plaintiff's recent work history and earnings, including any Social Security benefits, to determine the proper amount of lost wages damages. *See Beck v. Jet Equip. & Tools, Inc.*, No. CIV. A. 99-1687, 2001 WL 515243, at *2 (E.D. La. May 14, 2001). Accordingly, Plaintiff's Exhibit No. 32 is admissible for proving his lost wages and Defendants' Objection is due to be overruled.

8. **Plaintiff's Exhibit No. 33**

Plaintiff's Exhibit No. 33 contains a Summary Table of Trinidad's alleged medical expenses ("Summary Table"). Defendants object, stating summarily, "Authenticity, Rule 403, Hearsay, lack of showing that treatment is reasonable or necessary." (Doc. # 107, p. 3). Plaintiff responds that this Summary Table is proper under Rule 1006 as a summary of voluminous records and that Plaintiff will offer evidence on necessity through Dr. Iversen and/or treating physicians Dr. Do and Dr. Kotecha. (Doc. 149, p. 3). Rule 1006 of the Federal Rules of Evidence provides in pertinent part that a "proponent may use a summary [or] chart . . . to prove the content of voluminous writings . . . that cannot be conveniently examined in court." After a review of this exhibit, the court has determined that it does not fit the requirements of being so voluminous, in addition to the fact that the underlying bills and proof that they are reasonable

7

and necessary will be required. A chart, based on evidence admitted, may be used as a demonstrative aid, but will not be admitted as an exhibit. As noted at the bottom of the proposed exhibit, the court encourages the parties to agree on past medical expenses. Defendants' objection to Plaintiff's Exhibit No. 33 is hereby due to be sustained.

    **9. Plaintiff's Exhibits No.'s 35, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50**

Defendants next object to a variety of Trinidad's medical and billing records. Defendants argue that Exhibits No.'s 35, 37–41, and 43–50 lack authenticity, are inadmissible under Rule 403, are hearsay, and lack a showing that treatment listed is reasonable or necessary. Plaintiff responds summarily to all objections that such evidence is authenticated and not hearsay via records affidavit. Further, Plaintiff claims that he, Dr. Iversen, Dr. Do, and/or Dr. Kotecha will offer the requisite causation and necessity foundation with respect to these exhibits. The court finds that these exhibits currently lack adequate foundation. However, because Plaintiff notes in his Response to Defendants' Objections that he intends to offer appropriate foundation, Defendants' Objections as to these medical and billings records are due to be sustained provisionally, subject to proper foundation.

    **10. Plaintiff's Exhibit No. 51**

Defendants object to Plaintiff's Exhibit No. 51, which consists of two hundred and thirty-five (235) pages of answers to Plaintiff's first set of requests for production of documents and answers to Plaintiff's first set of interrogatories. Defendants argue that these responses to discovery requests contain irrelevant information, are hearsay, and improper under Rule 403. Plaintiff responds that various responses to Plaintiff's discovery requests are relevant and admissible as party admissions under Rule 801 of the Federal Rules of Evidence.

    Rule 801(d) excludes from the definition of hearsay:

    (1) **A Declarant-Witness's Prior Statement.** The declarant testifies and is subject to cross-examination about a prior statement and,
- (A) is consistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
- (B) is consistent with the declarant's testimony and is offered:
   - (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
   - (ii) to rehabilitate a person as someone the declarant perceived earlier.

    (2) **An Opposing Party's Statement.** The statement is offered against an opposing party and:
- (A) was made by the party in an individual or representative capacity;
- (B) is one the party manifested that it adopted or believed to be true;
- (C) was made by a person whom the party authorized to make a statement on the subject;
- (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
- (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

In this case, Ron Brock's statements likely fall under one of these two exclusions to hearsay. However, because the court is not advised as to which statement(s) to examine, Defendants' objection is due to be sustained. Plaintiff may not offer all of Defendants' responses to Plaintiff's discovery requests into evidence. Such evidence is unduly cumulative and, if presented in whole, likely to confuse the jury. *See* Fed. R. Evid. 403. To present particular portions of this evidence, Plaintiff must first seek approval outside the presence of the jury and

file a new exhibit specifically identifying the statements Plaintiff wishes to admit into evidence. *See* (Doc. # 76) (requiring the parties to "more specifically identify their exhibits").

### 11. Plaintiff's Exhibits No.'s 58, 59, & 60

Defendants object to Plaintiff's Exhibits No.'s 58–60, including: (No.'s 58 and 59) FMCSA Accident Countermeasures for "Passing" and "Using and Changing Lanes," which appear to come from a Florida Highway Administration (FHWA) Commercial Vehicle Preventable Accident Manual; and (No. 60) a Smith System Driver Guide. Defendants argue that all three (3) of these exhibits lack proper foundation, are irrelevant, and are inadmissible under Rule 403. Plaintiff argues that they fall within the learned treatise exception to hearsay and that Plaintiff's expert Paul Dillard will establish a proper foundation for admitting them into evidence. *See* Fed. R. Evid. 803(18).

Rule 803 provides an exception for "Learned Treatises" to the rule against hearsay for "a statement made in a treatise, periodical, or pamphlet if: (A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." *Id*. Under these circumstances, Defendants' Objections are due to be sustained to the extent that an expert must first establish a proper foundation for them to be admitted into evidence. However, "[i]f admitted, the statement may be read into evidence but not received as an exhibit." *Id.* Therefore, if a proper foundation is laid by a witness, statements from the treatises may be read, but these documents will not be admitted as exhibits.

### III.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. Defendants' Objections as to Plaintiff's Exhibits No.'s 4 (pages 1 and 2), 8, 10, 14, & 32 are OVERRULED;

2. Defendants' Objections with respect to Plaintiff's Exhibits No.'s 3, 4 (pages 3, et seq.), 5, 9, 11, 12, 13, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 42, 53, 54, 57, 62, 63, 64, 65, 66, 67, 73, 74, 77, 79, 80, 81, 83, & 85 are SUSTAINED;

3. Defendants' Objections to Plaintiff's Exhibits No.'s 6, 7, 15, 16, 17, & 51 are SUSTAINED. Plaintiff may seek to offer said exhibits at trial by first taking up their admissibility outside of the presence of the jury;

4. Defendants' Objections to Plaintiff's Exhibits No.'s 35, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 58, 59, & 60 are SUSTAINED subject to the Plaintiff laying proper foundation at trial.

Done this 22nd day of December, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE