IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSE A. TRINIDAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:2:15-cv-323-WHA |
| | ) | (WO) |
| DANIEL JOE MOORE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on Defendants' Motions in Limine #'s 1, 2, 3, 4, 7, and 13, (Doc.'s # 90, 91, 92, 93, 96, and 102), seeking to exclude a variety of evidence supporting Plaintiff's claims of negligence and negligent entrustment against Defendants, Daniel Joe Moore ("Moore") and RDB Trucking, LLC ("RDB").

The court first notes that any evidence related to Moore's prior driving record[1] and RDB's safety policies are relevant to Plaintiff's negligent entrustment claim. Federal Rule of Evidence 401 defines relevant evidence as evidence that has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Defendants seek to exclude any evidence of Moore's driving record and RDB's safety policies on the grounds that such evidence is not relevant to whether Moore was negligent. However, Plaintiff appropriately responds, and as will be discussed below, that evidence of a person's driving record is relevant to prove incompetence as

---

[1] The court is not only referring to Defendants' Motion in Limine # 2 which seeks to exclude any evidence of Moore's prior driving record, but also to Defendants' other Motions in Limine which seek to exclude other references to Plaintiff's driving record.

an element of a negligent entrustment claim. *See Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 412 (Ala. 2005). Moreover, evidence of RDB's safety policies is relevant to whether RDB knew about Moore's incompetence. *See Trinidad v. Moore*, No. 2:15cv323-WHA, 2016 WL 4267951 (M.D. Ala. Aug. 11, 2016). (Doc. # 65). Accordingly, to the extent Defendants seek to exclude such evidence on relevance grounds as to the negligent entrustment claim, Defendants' Motions are due to be denied.

However, the court finds that such evidence is not relevant to the negligent driving claim. Moreover, with respect to Defendants' claims that such evidence is inflammatory and, thus, excludable under Rule 403 of the Federal Rules of Evidence, Defendants' Motions are due to be granted as to the negligent driving claim, and denied as to the negligent entrustment claim. Rule 403 is an exception to the general rule concerning the admissibility of relevant evidence, *see* FED. R. EVID. 402, and allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. In this case, evidence of Moore's driving record and RDB's safety policies would be unfairly prejudicial if considered together with Plaintiff's negligent driving claim, even if there were any probative value.

Because of this, subsequent to Defendants filing these Motions in Limine, the court pursuant to Rule 42, Fed. R. Civ. P., divided this action into two separate trials. The first trial will assess Moore's liability, determining whether Moore was negligent and whether Plaintiff, Jose A. Trinidad ("Trinidad") was contributorily negligent in the underlying accident giving rise to this action, as well as RDB's liability as Moore's employer. If Moore and RDB are found liable based on Moore's actions, the case will proceed on a second trial on the issue of whether

RDB negligently entrusted the vehicle to Moore.[2] *See Trinidad v. Moore*, No. 2:15cv323-WHA, 2016 WL 4974953 (M.D. Ala. Sep 16, 2016). (Doc. # 105). Therefore, to the extent Defendants seek to exclude evidence of Moore's prior driving record and RDB's safety policies because the prejudicial effect of admitting that evidence for the negligence claim based on Moore's driving cannot be removed by a limiting instruction under Federal Rule of Evidence 105,[3] Defendants' Motions in Limine are due to be granted as to the negligent driving claim.

With these considerations in mind, the court will proceed to consider the remainder of Defendants' Motions in Limine as they relate to the negligent entrustment claim. For reasons to be discussed, the Motions in Limine are due to be GRANTED in part and DENIED in part.

## II. DISCUSSION

Defendants move in limine to exclude evidence of (i) Moore's license suspension (Doc. # 90), (ii) Moore's traffic citations, (iii) Moore's falsification of log books (Doc. # 91), (iv) Moore's safety and hiring policy violations (Doc. # 92), (v) Moore's failure to enforce said safety and hiring policies (Doc. # 93), (vi) Moore's escort violation and interferences (Doc. # 96), and (vii) evidence of a clerical mistake in RDB's accident register (Doc. # 102); all of which, Plaintiff argues, may be relevant evidence of negligent entrustment, or, more specifically, evidence of Moore's incompetence.

---

[2] Because the court decided to separate this action into two trials after Defendants filed their Motions in Limine, in the interest of judicial economy and fairness to the litigants, the court will consider these Motions individually with respect to each trial.

[3] Rule 105 of the Federal Rules of Evidence states: "If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."

In Alabama, to prove a claim for negligent entrustment, a plaintiff must present evidence of (1) entrustment, (2) to an incompetent, (3) with knowledge that he is incompetent, (4) proximate cause, and (5) damages. *See Halford*, 921 So. 2d at 412.

For drivers, incompetence is "measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Halford*, 921 So. 2d at 413–14. This may be established by alleging "that the driver to whom the defendant entrusted the vehicle was unable or unlikely to have operated the motor vehicle with reasonable safety due to one of several characteristics or conditions, including general incompetence or habitual negligence." *Edwards v. Valentine*, 926 So. 2d 315 (Ala. 2005). One prior accident, standing alone, however, is not substantial evidence of incompetence, *see Thedford v. Payne*, 813 So. 2d 905 (Ala. Civ. App. 2001), because, in a negligent entrustment case, "[n]egligence is not synonymous with incompetency. The most competent [driver] may be negligent." *Pritchett v. ICN Medical Alliance, Inc.*, 938 So.2d 833, 941 (Ala. 2006).

Although this is necessarily a facts-specific inquiry, courts often consider a variety of evidence to determine a driver's incompetence, including his or her driving experience and driving record, *see Halford*, 921 So. 2d at 417 (Ala. 2005) (stating "the current method of determining the competence or incompetence of one to whom an automobile is entrusted [often requires] the presentation of evidence relevant to that person's mental and physical abilities and his or her prior driving experience and record"); lack of adequate or prior training, *see Lanham v. Gnewuch*, No. 4:13-CV-1358-VEH, 2015 WL 3966480 at *8 (N.D. Ala. June 30, 2015); and violations of company policy, particularly when those policies relate to a driver's eligibility to drive, *see Brewster v. S. Home Rentals, LLC*, No. 3:11CV872-WHA, 2012 WL 5869282, at *2 (M.D. Ala. Nov. 19, 2012) (considering evidence of policy violations which would result in a

4

determination that an employee is not eligible to drive); or, as here, when the employer claims that its policies are intended to promote safe driving. *See Trinidad*, 2016 WL 4267951 at *4. (Doc. # 65, p. 7).

### *Moore's Suspended License*

Defendants move in limine to exclude evidence of Moore's suspended license. (Doc. # 90). Defendants argue that this evidence is irrelevant because the suspension was administrative and not due to Moore's ability or inability to drive, but rather was due to a failure to pay child support. *Id.* Plaintiff counters that Moore's suspended license is relevant to prove negligent entrustment, because "RDB was aware of both Moore's suspended license and that Moore chose to drive with a suspended license and received a speeding ticket while doing so."[4] (Doc. # 111).

The Supreme Court of Alabama has repeatedly held that the mere nonpossession of a valid driver's license is not sufficient evidence of incompetence in a negligent entrustment case. *See Halford*, 921 So. 2d at 414; *see also Edwards*, 926 So.2d at 323. In *Halford*, plaintiff was killed by a driver whose license had been suspended because she had failed to appear in court to contest a citation for driving without displaying a tag. The plaintiff's executrix sued Rent-A-Car, the company from whom the driver had rented her car, for negligent entrustment, claiming Rent-A-Car should have known the driver was incompetent when it rented her a car even though she had a suspended license. The Alabama Supreme Court disagreed, finding "the incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." Further, because the driver's license suspension "was essentially administrative in nature[,] it had no relation to her actual ability or inability to properly handle an automobile on the road."

---

[4] Plaintiff's reference to the speeding ticket Moore received while driving with a suspended license will be addressed later under Moore's Driving Record.

Likewise, Moore's suspended license is not relevant to prove his incompetence to drive a tractor-trailer truck. Like the driver in *Halford*, whose license suspension was essentially administrative in nature because it was due to a failure to appear in court and contest a failure to display a tag, Moore's license suspension was also administrative in nature. Moore's license suspension was allegedly due to a failure to pay child support. A failure to pay child support, without more, does not bear on an ability to drive a tractor-trailer truck. Accordingly, evidence of Moore's license suspension is not relevant, and therefore inadmissible, to prove Moore's incompetence to drive a tractor-trailer truck. To that extent, Defendants' Motion in Limine is due to be granted.[5]

Plaintiff refers the court to its use of Black's Law Dictionary's definition of incompetence, which is the "state or fact of being unable or *unqualified* to do something," Black's Law Dictionary (10th ed. 2014) (emphasis added), and argues that "[d]riving with a suspended license is textbook incompetence or *disqualification*." *Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1224 (M.D. Ala. 2015) (emphasis added). (Doc. 111, p. 3).

However, Plaintiff misconstrues the cited case's holdings. Even in *Craft*, the court went on to explain that "incompetence" refers to one's "ability (or inability) to do drive a vehicle." *See id.* Further, the Alabama Supreme Court has explained that the mere fact that someone is unqualified to do something, is not itself evidence of incompetence. *See Edwards*, 926 So. 2d at 323–24. Rather, only when such disqualification is "probative of incompetency," such as "where it was held that evidence that an entrustee had no driver's license because she had 'failed her

---

[5] Because the Plaintiff has not demonstrated to the court that Moore's license suspension would be in violation of company policy, or that such a policy, if there was one, intended to promote corporate safety, Defendants' Motion in Limine is due to be granted. If the Plaintiff wishes to question a witness or offer any such evidence, Plaintiff must take the matter up with the court outside the presence of the jury.

6

driver's test three times and had no license at the time of the accident.' " *Id.* at 324 (quoting *Mason v. New*, 475 So. 2d 854, 856 (Ala. 1985)). Accordingly, the mere fact that Moore's license was suspended is not *per se* evidence of incompetency. Defendants' Motion in Limine is due to be granted.

### *Moore's Traffic Citations*

Defendants' Motion in Limine # 2 seeks to exclude evidence of Moore's prior traffic citations,[6] a tire air leak violation,[7] and log book violations,[8] arguing that they are "irrelevant to the issues to be tried," "so inflammatory that its probative value is substantially outweighed by the danger of unfair prejudice," and "improper character evidence of other crimes, wrongs, or acts to show action in conformity therewith." (Doc. 91, p. 2).

Plaintiff responds that Moore's traffic citations are "relevant to show Moore is an incompetent driver," that any "potential for unfair prejudice does not substantially outweigh the probative value," and that Plaintiff is not offering evidence of Moore's driving record to prove Moore acted in accordance with a prior bad act." (Doc. 112, pp. 1–2).

As explained previously, evidence of Moore's driving record, which includes Moore's traffic citations, is relevant to prove negligent entrustment because it may be offered to show Moore's incompetence and RDB's knowledge of Moore's alleged incompetence. *See Halford*, 921 So. 2d at 417 (Ala. 2005); *see also Bruck v. Jim Walter Corp.*, 470 So. 2d 1141, 1145 (Ala.

---

[6] Defendants do not argue specific violations in the context of the negligent entrustment claim, but merely refer to them in general. It may be that one or more specific violations might be subject to objection. The court rules here on the basis of the general objection.

[7] Plaintiff does not respond to Defendants' argument seeking to exclude evidence of a tire leak violation. Therefore, Plaintiff has waived any argument with respect to this evidence and the Defendants' Motion in Limine is due to be granted as to this evidence.

[8] Plaintiff responds separately to the Defendants' Motion in Limine regarding Moore's alleged falsification of the log books and claims that such evidence is admissible under Rule 609 of the Federal Rules of Evidence. Because the Plaintiff treats this evidence separately from other evidence of Moore's alleged history of moving and safety violations, the court will do so as well.

1985) ("Evidence of [Plaintiff's] driving record was highly relevant, if not essential, to the plaintiff's ability to show knowledge on the part of the corporate defendants.") Such evidence is relevant to establish negligent entrustment in a second trial. To that extent, Defendants' Motion in Limine is due to be denied.

Defendants' Motion in Limine to exclude evidence of Moore's alleged traffic citations is due to be denied as to negligent entrustment.

### *Falsification of Log Books*

Evidence of falsification of log books falls within the application of Rules 401 and 403 above. Plaintiff argues that falsification of log books was in violation of company policy and therefore relevant to negligent entrustment. The court agrees.

As to the negligence claim against Moore, Plaintiff also argues that evidence of falsification of log books is admissible under Rule 609(a)(2).  Rule 609 states that "(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction . . . (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." FED. R. EVID. 609.

The Plaintiff cites to 40 C.F.R. 395.8(e) and states that Moore was cited for violating this provision.  The C.F.R. section cited does not exist.  However, 49 C.F.R. §395.8(e) states that no driver or motor carrier may make a false report in connection with a duty status.

The Plaintiff has not cited any authority to support his argument that a citation by the Federal Motor Carrier Safety Administration is considered a criminal conviction within the meaning of Rule 609(a)(2).  Furthermore, the Plaintiff has not attached the evidence to which he

refers, so the court is unable to evaluate whether the evidence falls within the requirements of the rule.

The Motion in Limine is due to be granted as to the negligence count and denied as to the negligent entrustment count.

### *Violations and Failure to Enforce Safety and Hiring Policies*

Defendants move to exclude (1) evidence of violations of RDB's safety and hiring policies (Doc. # 92), and (2) evidence of RDB's alleged failure to enforce safety or hiring policies (Doc. # 93). The essence of Defendants' argument is that such evidence, though relevant to an entrustment claim, is irrelevant and highly prejudicial to the underlying negligence claim. Plaintiff concedes that he only intends to present such evidence to support his entrustment claim. (Docs. ## 121, 113). Accordingly, Defendants' Motion in Limine is due to be granted with respect to the negligence claim, but denied with respect to the negligent entrustment claim.[9]

### *Escort Violation*

Next, Defendants move in limine to exclude evidence that RDB ordered Moore to drive without an escort in violation of Federal Motor Carrier Safety Regulations. (Doc. # 96). Defendants contend that "Plaintiff may introduce evidence, either documentary or by testimony, of Moore's prior safety violation for not having an escort, and further, that the violation occurred because RDB's owner told him to break the law." *Id.* Defendants argue without citing any authority that such evidence would be irrelevant under Rule 402, but, even if relevant, would be improper character evidence under Rule 404(b) and unfairly prejudicial under Rule 403. *Id.*

---

[9] To the extent Plaintiff wishes to present this evidence to impeach a witness as a prior inconsistent statement, Plaintiff is instructed to take the matter up with the court outside the presence of the jury.

Evidence of an escort violation is relevant to Plaintiff's negligent entrustment claim.[10] As noted at summary judgment, "in addition to objective policy compliance or violation, an entruster's evaluation of the driver's ability to drive also can be relevant evidence" of an entrustment claim. *See Trinidad*, 2016 WL 4267951 at *3. (Doc. # 65, p. 7). In this case, "Plaintiff intends to present evidence of the escort violation to the jury to prove RDB's knowledge that Moore was breaking the law and to show absence of mistake or lack of accident in that RDB ordered and assisted Moore in breaking the law." (Doc # 127, p. 6)  (emphasis removed). Moreover, Plaintiff intends to demonstrate a "company culture that actively encourages and facilitates violation of the law." (Doc # 127, p. 4)

The court finds that to the extent that Moore's alleged escort violation reflects on RDB's evaluation, as entruster, of Moore's competence to drive a vehicle, it is relevant. "A reasonable finder of fact could conclude that a reasonably prudent person with knowledge of Moore's infractions and violations of safety policy ought to foresee injury resulting from the entrustment of a vehicle to Moore." *See Trinidad*, 2016 WL 4267951, at *4. (Doc. # 65, p. 9). Accordingly, Defendants' Motion is denied on the basis of relevance.

Further, evidence of Moore's escort violation is not substantially outweighed by Rule 403 concerns. Defendants warn that the admission of such evidence will create a "trial within a trial" and require Defendants to "present evidence to refute Plaintiff's contention that the owner did not tell Moore to break the law."[11] The court is not persuaded. This could be said for any

---

[10] To the extent Defendants' Motion in Limine to exclude evidence of the escort violation is directed to the Plaintiff's negligent claim—and now trial—Defendants' Motion is due to be granted.

[11] Defendants also argue that they will be "prejudiced because there is no evidence that Moore not having an escort on a prior trip caused this accident." (Doc. # 96, p. 3). However, Plaintiff's admit that they are not offering this evidence to prove that Moore was negligent, but rather that

probative evidence. "Simply because the evidence is damaging or prejudicial to a defendant's case does not mean, however, that the evidence should be excluded. '[I]t is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403.' " *United States v. Terzado-Madruga*, 897 F.2d 1099, 1119 (11th Cir. 1990) (quoting *United States v. McRae*, 593 F. 2d 700, 707 (5th Cir. 1979)).

Finally, Moore's escort violation is not improper under Rule 404(b). Although Rule 404(b) generally excludes evidence of prior bad acts, such evidence is admissible to prove knowledge. FED. R. EVID. 404(b). And, Plaintiff states that he only intends to offer evidence of Moore's escort violation to show that RDB knew about the violation and yet entrusted the vehicle to him anyway. (Doc # 127, p. 6). This is a proper purpose under Rule 404(b). Therefore, Defendants' Motion in Limine seeking to exclude evidence of the escort violation is due to be denied.

### *Clerical Mistake in RDB's Accident Register*

Finally, Defendants move in limine to exclude evidence of a "clerical mistake in RDB's accident register," calling it irrelevant and misleading to a jury. (Doc. # 102). Plaintiff argues in response that RDB's notation was not a simple clerical mistake, but rather was an intentional alteration. (Doc. # 126, p. 2–3). The court has previously found this to be a reasonable inference. *Trinidad*, 2016 WL 4267951, at *4. (Doc. # 65, p. 8). Accordingly, Defendants' Motion in Limine # 13 is due to be denied as to the entrustment claim but granted as to the negligence claim.

---

RDB negligently entrusted the tractor trailer to Moore. (Doc. # 127, p. 5). Therefore, as stated previously, such concerns are moot.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions in Limine are due to be granted in part and denied in part as set forth below:

1. Defendants' Motion in Limine #'s 1, 2, 3, 4, 7, and 13, (Doc.'s # 90, 91, 92, 93, 96, and 102), are GRANTED to the extent Plaintiff seeks to offer such evidence in the first trial.

2. Defendants' Motion in Limine # 1, (Doc. # 90), is GRANTED to the extent Plaintiff seeks to offer such evidence in the second trial.

3. Defendants' Motion in Limine #'s 2, 3, 4, 7, and 13, (Doc.'s # 91, 92, 93, 96, and 102), are DENIED to the extent Plaintiff seeks to offer such evidence in the second trial.

Done this 22nd day of December, 2016.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE