IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE A. TRINIDAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.  2:15cv323-WHA |
| ) | |
| DANIEL JOE MOORE, JR., and ) | (wo) |
| RDB TRUCKING, LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Plaintiff's Motion to Reconsider the Court's Ruling on Wantonness (Doc. #191).

The Plaintiff, Jose Trinidad ("Trinidad"), argues that after the close of discovery, after the court had granted summary judgment on the wantonness claim, and one day before the original pretrial conference in this case, the Defendants produced documents indicating that Defendant Daniel Joe Moore Jr. ("Moore") had failed a drug test. Trinidad points out that in his deposition, RDB's owner Ron Brock ("Brock") testified that under RDB's policies, Moore should have been terminated after the failed drug test. Trinidad also states that although Moore was drug-tested two weeks after the accident at issue, the results of that test have not been produced. Trinidad asks the court to reconsider the grant of summary judgment to the RDB and Moore on the wantonness claims on the basis of this new evidence.

As to RDB

As the court discussed in ruling on the Motion for Summary Judgment, Trinidad has provided evidence from Brock to show that RDB's safety policies were violated by Moore and

1

that Moore could have been terminated for those violations. Brock agreed in his deposition that Moore's violations of company policy were a "big problem" which deserved "serious action." (Doc. #54-3 at p. 90-8-9; 96: 22-97:1). Brock also agreed in his deposition that he cannot keep drivers who continue to break the rules because "it's unsafe driving." (Doc. #54-3 at p.96: 7). Brock further agreed that more than safety ratings are involved because "people can get killed," and agreed that Moore was acting in violation of safety policies and could have been, but was not, terminated. (Doc. #54-3 at p. 96: 10-14, 17-97:19).

This court previously concluded that the evidence was sufficient to create a question of fact as to competence of Moore as a driver for purposes of a negligent entrustment claim. As to wantonness, however, the court concluded that there was insufficient evidence to support a finding of a conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that injury will likely or probably result. *See Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994) (Doc. #65). The court has now been asked by Trinidad to re-examine that conclusion in light of the positive drug test of Moore.

RDB argues that the court should again make the determination that there is insufficient evidence of wantonness, because, according to RDB, the failure to disclose various drug tests merely was as a result of poor record-keeping, RDB complied with Department of Transportation requirements to reinstate Moore after his positive drug test, and the drug test evidence is not probative of Moore's manner of driving on the date of the accident.

The new evidence presented is that Moore tested positive for amphetamine in June of 2014. When asked about this positive drug test, Brock testified in his deposition that RDB has a "zero tolerance policy" when it comes to drugs and alcohol, (Doc. #191-1 at p.12:20-24; 13:15-20), but that Moore was not fired for his positive test, which was inconsistent with RDB policy.

(Doc. #191-1 at p.13:21-14:1). Brock agreed in his deposition that the reason for RDB's "one strike and you're out policy" is that drugs and alcohol can pose a serious threat to health and safety. (Doc. #191-1 at p.14:2-8; 30:11-14). When asked "why did you decide to keep an unsafe driver on staff?" he answered that he "figured he needed a second chance." (Doc. #191-1 at p.84:4-8).

A "claim for wanton entrustment requires a slightly modified analysis because wantonness involves a more aggravated state of mind than that required for negligent entrustment," including a showing of knowledge that "entrustment would likely or probably result in injury to others." *Davis v. Edwards Oil Co. of Lawrenceburg*, No. 2:10-CV-2926-LSC, 2012 WL 5954139, at *4 (N.D. Ala. Nov. 28, 2012). A wanton entrustment claim requires a "more aggravated state of mind" of the entrustor regarding the incompetence of the driver. *Vines v. Cook*, No. 2:15-00111-KD-C, 2015 WL 8328675, at *6 (S.D. Ala. Dec. 8, 2015) (finding that the plaintiff failed to show that the employer entrusted the truck to the driver "while knowing that the entrustment would likely or probably result in injury to others due to the driver's incompetence.").

The new evidence of a failed drug test, and deposition testimony that this infraction was grounds for termination under a "zero tolerance policy," but Moore was not terminated because Brock thought Moore deserved a second chance, taken into consideration along with the evidence previously presented of Moore's violations of RDB's safety policies which also could have supported termination before this failed drug test, would allow a reasonable finder-of-fact to conclude that RDB wantonly entrusted Moore with a truck. *Cf. Alabama Power Co. v. Beam*, 472 So. 2d 619, 627-28 (Ala. 1985) (finding evidence of wantonness on the "basis of a knowing failure to comply with the safety procedures which Alabama Power accepted as appropriate to

prevent likely injuries.").[1]

### As to Moore

Trinidad also argues that the new evidence supports a claim of wantonness against Moore individually.  Trinidad states that because of evidence of  Moore's positive drug test and aggressive driving, and because amphetamines can be used by truck drivers, as well as the circumstances under which drug testing was conducted, there is sufficient circumstantial evidence that Moore was using amphetamines on the day of the accident.  Of the evidence pointed to, however, only the positive drug test in June and Moore's alleged aggressive driving are relevant evidence as to Moore's physical condition.  That evidence is not sufficient to create a question of fact as to whether Moore was using amphetamines on the day in question because the positive drug test pre-dated the accident by several months, particularly in light of the intervening negative drug tests.

The other evidence pointed to by Trinidad is evidence of RDB's actions in response to the positive drug test.   Specifically, Trinidad sets out the following:  RDB did not disclose the positive drug test until shortly before the first pretrial, RDB was required to test Moore every month and did so on the 28th or 29th of every month rather than randomly, RDB was required to keep the drug test results on file but has no record of the drug test taken two weeks after the incident in question, RDB did not test Moore for drugs on the day of the incident, Moore was not qualified to drive under RDB's policies, RDB altered its accident log to conceal that a prior

---

[1] The Defendants argue that if Trinidad is allowed to proceed on a wanton entrustment claim, no trucking company can ever reinstate a driver who failed a drug test without subjecting itself to liability for wantonness if there is a future accident. The court need not decide that policy question in the abstract, however, because in this case, the Defendant's corporate representative, Brock, testified that it was the company's own policy to terminate a driver with a positive drug test, but that he did not follow that policy because he wanted to give the driver a second chance.

accident was also preventable, and RDB did not comply with requirements to reinstate Moore as driver.

A case relied on by Trinidad, *Miksis v. Howard*, 106 F.3d 754 (7th Cir. 1997), to support his argument that the above-listed evidence would allow a jury to conclude that Moore was using amphetamines at the time of the accident in question, explains the circumstances under which a "missing evidence" jury charge is appropriate in the Seventh Circuit. In the Eleventh Circuit, "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir.1997). Mere negligence in losing or destroying records is not enough for an adverse inference because it does not support "an inference of consciousness of a weak case." *Id.*

Applying the Eleventh Circuit's standard, it appears to the court that the only evidence which was not preserved in this case was a drug test result from October 29. Other facts relied on by Trinidad, such as a failure to test Moore on the day of the accident, may be relevant to bad faith, but are not facts regarding a failure to preserve evidence. Focusing then on the lost test results, the court must conclude that even assuming, without deciding, that evidence regarding RDB's testing protocol is sufficient to establish bad faith in failing to preserve the October 29 result, the inference which a finder-of-fact would be allowed to draw is that the October 29 test was positive for amphetamine. Such an inference, without any supporting evidence to establish that that test result is probative of Moore's physical condition on October 14, is only minimally relevant to the issue of whether Moore was under the influence of amphetamines at the time of the accident.[2] The court cannot conclude, therefore, that, even assuming evidence of a positive

---

[2] There is some evidence that the test result was negative, in that Brock testified that "they would have called and told me he tested positive." (Doc. #191-1 at p. 50:18-20).

drug test on October 29, there is sufficient evidence for a jury could conclude that Moore was conscious that injury will likely or probably result from his driving on October 14. *Bozeman*, 646 So. 2d at 603.

Accordingly, the Motion for Reconsideration is hereby ORDERED DENIED as to the wantonness claim against Moore individually, but GRANTED as to the wanton entrustment claim against RDB Trucking, LLC.[3]

The case will proceed on a negligence claim against Moore and RDB Trucking, LLC in Phase One and against RDB Trucking, LLC on negligent and wanton entrustment in Phase Two.

Done this 1st day of February, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Defendants have argued that a lack of wantonness claim against Moore precludes the wanton entrustment claim. The court rejects this contention. There is evidence to support a finding that Moore committed a tort, *see, e.g., Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1223 (M.D. Ala. 2015), and there are questions of fact as to causation, which allow the wanton entrustment claim to proceed in light of evidence of the more aggravated state of mind of the entrustor regarding the incompetence of the driver. *Vines*, 2015 WL 8328675, at *6.