IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE A. TRINIDAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.  2:15cv323-WHA |
| | ) |
| DANIEL JOE MOORE, JR., and | )     (wo) |
| RDB TRUCKING, LLC, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This cause is before the court on the Defendants' Motion in Limine (Doc. #97) which seeks to exclude evidence of drug tests of Defendant Moore, and a renewed Motion to Preclude Testimony of Plaintiff's Expert Jon P. Dillard (Doc. #201).

The Defendants seek to exclude evidence of drug tests of Moore on the basis of relevance under Rule 401, 402, and 404(b), and as unduly prejudicial under Rule 403.  They seek to exclude Dillard's supplemental report and testimony on several grounds, only one of which will be addressed in this order.

The drug-test evidence before the court consists of actual test results, as well as the circumstances of drug-testing and the disclosure of the results.  On June 3, 2014, Moore tested positive for amphetamine.  He was referred to a Substance Abuse Professional ("SAP") who required follow-up testing.  Moore was drug-tested for times between June 2014 and the accident in October of 2014.  Each of the tests had a negative result.  Moore was also tested two weeks after the accident, but those test results have not been provided to the Plaintiff or the court.  The

positive drug test was not disclosed to the Plaintiff in this litigation until just before the initial pre-trial in this case.

The Plaintiff's expert, Jon P. Dillard, has presented the opinion that RDB should have directed Moore to submit to "follow-up" drug tests with no discernable pattern, but the tests were given on either the 28th or 29th of the month, even though some of the tests were marked as "random." (Doc. #191-4). Dillard also states that only one of the tests was designated a "follow-up" test. Dillard states that either RDB failed to comply with the SAP's requirement of "follow-up" tests, or RDB specifically scheduled "random" drug tests.

By separate Order, the court has concluded that a wanton entrustment claim may be pursued against RDB, but that no wantonness claim will proceed as against Moore. The case is proceeding in two phases. The first phase is a negligence claim.

The court cannot conclude that drug testing evidence is relevant to the negligence claim. As discussed in the court's separate order, the evidence is not sufficient for a jury to conclude that Moore was using amphetamines on the day of the accident. Further, the evidence has not been offered for a permissible purpose under Rule 404(b) and would be unduly prejudicial under Rule 403 balancing if presented during Phase One of the trial.

Therefore, the Motion in Limine is due to be GRANTED as to Phase One.

By separate Order, however, the court has determined that the evidence of Moore's positive drug test and Brock's deposition testimony concerning that positive test, combined with other evidence of Moore's rules infractions and Brock's testimony regarding the safety purposes of those rules, is sufficient to create a question of fact as to wanton entrustment in Phase Two. The evidence of a positive drug test is probative of RDB Trucking's knowledge of Moore's

incompetence, under the company's policy, to drive a truck, and, therefore, does not violate Fed. R. of Evid. 404.  Brock's deposition testimony regarding company policy and his decision not to enforce that policy makes the knowledge of the infraction highly probative and it is not due to be excluded under Rule 403 balancing.  The Motion in Limine, therefore, is due to be DENIED as to evidence of the positive drug test, and Brock's testimony regarding that positive drug test, in Phase Two.

As to the other evidence regarding drug testing after the accident; namely, the missing results of an October 29 test and the timing of the disclosure of the positive results during the litigation of this case, the probative value of the evidence is greatly diminished because it is relevant to a time period after the accident and, therefore, only minimally relevant to Moore's driving and RDB's entrustment of the vehicle to Moore on the day in question.  Under Rule 403 balancing, therefore, the potential for undue prejudice and confusion of the issues requires exclusion of the evidence concerning the October 29, 2014 test and the late disclosure of the June 2014 test results in either phase.

As to Phase Two, with respect to the negative drug tests in June, July, August, and September of 2014, while the Defendants have argued that the designation of "random" on some of the tests is meaningless, and that the tests were actually "follow-up" tests, in light of Dillard's testimony as to the relevance of the difference in the tests and their timing, the court must conclude that the designation is relevant to the inquiry of whether RDB was wanton in its entrustment of a vehicle to Moore after his positive drug test.  These tests, although negative, are offered to establish RDB's knowledge or motive in avoiding another positive test and, therefore, do not violate under Rule 404(b).  The negative tests also would not pose undue prejudice or danger of confusion to the jury.

The fact that no test was given on the date of the accident may be inquired into as it is relevant evidence not due to be excluded under Rule 403 balancing. Dillard's opinion offered as to the lack of testing, and other aspects of drug testing in this case, will be addressed by separate Order.

Therefore, it is hereby ORDERED as follows:

1. The Motion in Limine (Doc. #97) is DENIED as to the positive drug test of Moore in June 2014, and the negative drug tests in June, July, August, and September 2014, and the lack of any test on October 14, 2014 in Phase Two. The Motion in Limine is GRANTED in all other respects.

2. The Motion to Preclude Jon P. Dillard's Testimony (Doc. #201) is DENIED as to Dillard's opinion on the timing and significance of the type of tests given in the negative drug tests. The remainder of the Motion to Preclude will be addressed by separate Order.

Done this 1st day of February, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE