**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JOSE A. TRINIDAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:2:15-cv-323-WHA |
| ) | (WO) |
| DANIEL JOE MOORE, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on Defendants' Renewed Motion to Preclude the Testimony of Plaintiff's Expert, Jon P. Dillard ("Dillard"). (Doc. # 201).

The court has addressed whether Dillard may give expert testimony in a previous order. (Doc. # 132). In that order, the court found Dillard qualified under *Daubert* and *Kumho Tire* to give expert opinions on safety standards in the tractor trailer industry. (Doc. # 132). As a safety expert, Dillard may opine about the standard of care for the commercial trucking industry and whether Moore's conduct fell below it under various sets of hypothetical facts. *Id.* However, because Dillard is not an accident reconstructionist, he may not opine as to how the accident in this case happened or accept as true any one versions of it. *Id.* After reviewing Dillard's earlier opinions to which Defendants had objections, the court granted in part and denied in part Defendants' first Motion to Preclude Testimony of Plaintiff's Expert Jon P. Dillard. *Id.*

Since the court's previous order, Dillard has submitted a supplemental report wherein he states new opinions concerning whether, and if so, how Defendant RDB should have retained Defendant Daniel J. Moore ("Moore") in light of a positive drug test. In response to this report,

Defendants bring this Motion. For the reasons discussed below, Defendants' Renewed Motion to Preclude is due to be GRANTED in part and DENIED in part.

## II. STANDARD OF REVIEW

The admissibility of expert testimony is governed by the Federal Rules of Evidence, Rule 702 ("Rule 702"), which, as interpreted by the Supreme Court, "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). This "gatekeeping" function is important "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (quotation and citation omitted). Moreover, "[i]t is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practices of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

## III. DISCUSSION

Defendants argue that Dillard's proposed testimony is inadmissible for three reasons:

> First, Dillard's opinions are not reliable because they are not based on sufficient facts or data. Second, Dillard's proposed opinions are not relevant because they do not aid the trier of fact in reaching its decision, and, in fact, invade the province of the jury. Third, Dillard's opinions constitute inadmissible legal conclusions.

(Doc. # 201, p. 4). Additionally, Defendants stated an objection to one of Dillard's opinions during the pretrial conference because it arguably relates to the mental state of the Defendants. The court will address each of these arguments, in turn.

### 1. Reliability

Dillard's opinions in his supplemental report, like his opinions in his earlier report, are sufficiently reliable because they are based upon his personal knowledge and experience. As the court explained in its previous order, for nonscientific testimony, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire*, 526 U.S. at 152. "A district court may decide that nonscientific expert testimony is reliable based 'upon personal knowledge or experience.'" *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338 (11th Cir. 2009) (citing *Kumho Tire*, 526 U.S. at 151).

Defendants dispute the reliability of two of Dillard's opinions: Opinion 2 and Opinion 3.[1] Defendants argue that these opinions are not reliable because they are based upon a misunderstanding of the evidence. Specifically, Defendants quarrel over Dillard's use of the terms "random" versus "follow-up" testing. However, despite the Defendants' concerns, the difference in the type of testing to which Dillard attributes significance is reliable if offered based on the industry's understanding of those types of testing. Accordingly, Defendants' Motion to Preclude Dillard's opinions on this basis is due to be denied.

### 2. Assist the Trier of Fact

Next, Defendants argue that Dillard's opinions would not assist the trier of fact. Defendants argue that Dillard's opinions are unlikely to assist the jury because (1) they draw conclusions that a jury is able to draw without the assistance of an expert; (2) they are irrelevant; and (3) they offer nothing more than what Plaintiff's lawyers can argue in closing arguments.

---

[1] In footnote 1 of Defendants' brief, Defendants state that they have numbered the paragraphs of Dillard's supplemental expert report that they believe contain inadmissible opinions to provide ease and organization for the court. The court will follow the Defendants' designations.

First, Defendants challenge Opinions 1, 2, and 5 on the basis that the jury is capable of drawing these conclusions without the help of Dillard. The court disagrees. This concern does not apply entirely to Opinion 1. Although the jury is capable of drawing the conclusion that RDB failed to adhere to its own safety policies, Dillard may testify to that opinions based on his experience, and about the implications of not adhering to a company policy on the overall safety controls of the company. Additionally, this concern does not apply to Opinion 2, which refers to RDB's adherence to a substance abuse program, for the same reasons. Finally, this concern does not apply to Opinion 5, because whether RDB's conduct was "outrageous," as stated in Opinion 5, is a matter of professional opinion. Experts are not excluded from the use of hyperbolic rhetoric any more than the lawyers who proffer those experts.

Next, Defendants move to exclude Opinions 3 and 4 as being irrelevant. Citing this court's previous order, *see* (Doc. # 132), Defendants argue that Opinions 3 and 4, which relate to tests done after the accident, could not have contributed to the accident itself and, therefore, are irrelevant. However, while it is true that opinions concerning any substance abuse testing are irrelevant to Defendant's underlying negligence, as previously ordered, this court has since reinstated Plaintiff's claim for wantonness against RDB. Moreover, in a previous order on Defendants' Motion in Limine to exclude evidence of drug tests of Defendant Moore, this court explained that Dillard's testimony with respect to RDB's adherence to a substance abuse policy is relevant to whether RDB was wanton in its entrustment of a vehicle to Moore. A jury might conclude that RDB's handling of drug testing between the positive test and the time it entrusted the vehicle to Moore in October showed its disinterest in determining whether Moore's "second chance" was working, all relevant to its safety program. However, the objection is sustained as to the last sentence of Opinion 3, i.e., that this was a deliberate attempt, etc. Accordingly,

Defendants' Motion to Preclude Opinions 3 and 4 is granted with respect to Phase 1 but denied as to Phase 2 as to this ground of objection.

Finally, as a catchall objection, Defendants move to exclude all of Dillard's purported testimony as amounting to nothing more than what the lawyers can offer in closing arguments. The Eleventh Circuit has clarified that "[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *United States v. Frazier*, 387 F.3d 1244, 1262–63 (11th Cir. 2004). However, taken as a whole, Dillard's opinions speak directly to safety standards in the industry. Moreover, because Defendants fail to point the court to particular segments of Dillard's opinions that it claims amount to arguments better suited for closing argument, the court cannot tell exactly which statements within Dillard's supplemental report that Defendants are referring to. And, the court will not dissect Dillard's opinions now. The Defendants' Motion to Preclude Dillard's testimony on this basis, therefore, is due to be denied.

### 3. Legal Conclusions

Defendants also move to exclude Dillard's opinions as stating legal conclusions.

As this court previously held, Dillard may not give testimony that amounts to legal conclusions. *See Montgomery v. Aetna Casualty & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (noting that "[a] witness . . . may not testify to the legal implications of conduct"). Doing so would "contravene[] the well-established principle that an expert may not testify as to a legal conclusion." *Nicholson v. McCabe*, No. CV-02-H-1107-S, 2003 WL 25676474 (N.D. Ala. June 2, 2003); *see also United States v. House*, 684 F.3d 1173, 1209 (11th Cir. 2012) ("Domestic law is properly considered and determined by the court whose function it is to instruct the jury on the law; domestic law is not to be presented through testimony and argued to the jury as a question

5


of fact." (internal citations and quotations omitted)). While Dillard is allowed to refer to the Federal Motor Carrier Safety Regulations (FMCSR's") and the role they play in developing safety standards in the commercial trucking industry, he may not testify that rules and regulations were violated.

Defendants move to exclude five (5) of Dillard's opinions in his supplemental report as amounting to legal conclusions. Only three (3) of them are problematic, however: a portion of Dillard's opinion within Opinion 2, a portion of Dillard's opinion within opinion 3, and a portion of Dillard's opinion within Opinion 4. While Plaintiff's lawyer agreed that Dillard was not going to be allowed to testify that Moore or RDB violated the law, the court will explain its reasons for granting Defendants' Motion to Preclude this testimony.

A portion of Opinion 2 is problematic because it refers to failure to comply with regulations. Dillard offers an opinion that RDB's failure to comply with the FMCSR's was a violation of law. This is a legal conclusion and it is inadmissible.

Opinion 3 is problematic because Dillard is opining on what the FMCSR's require. Expert witnesses may not testify that a party violated a federal regulation. *See Nicholson*, 2003 WL 25676474. Likewise, experts may not testify that a party was in compliance with a federal regulation. Whether someone has violated or is in compliance with the law is a legal conclusion. And as the court stated in its earlier opinion on Dillard's purported testimony, "While expert witnesses may draw inferences from the facts of a case, they may not draw legal conclusions from those facts."

Finally, Opinion 4 is problematic because Dillard is directly stating that RDB violated the federal regulations. Like Opinion 2 above, this opinion amounts to a legal conclusion and is inadmissible.

The Motion to Preclude is, therefore, granted on this ground to the extent set out above, but otherwise denied.

### 4. Mental Impressions

Finally, at the pretrial conference, Defendants asserted another objection to a portion of Dillard's opinion in Opinion 3. That Opinion states, in part, "The decision of RDB Trucking to delay the drug test was a deliberate attempt to undermine the overall purpose of determining if Mr. Moore was under the influence of a controlled substance at the time of the crash." Defendants asserted that this opinion attempts to impermissibly assert the mental state of the Defendants. The court agrees. Furthermore, at the pretrial conference, Plaintiff conceded that this opinion was improper and withdrew the opinion to the extent of Defendants' objections. For those reasons, the court sustains the Defendants' objection to that opinion on this ground as well.

## VI. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

The Defendants' Renewed Motion to Preclude the Testimony of Plaintiff's Expert, Jon P. Dillard (Doc. # 201) is GRANTED in part and DENIED in part as set out above.

Done this 6th day of February, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE