IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE A. TRINIDAD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:15cv323-WHA |
| DANIEL JOE MOORE, JR., and RDB TRUCKING, LLC, | ) (wo) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Defendants' Motion to Exclude From Trial Newly Disclosed Opinions of Plaintiff Expert Sasha R. Iversen, D.O. (Doc. #206).

Dr. Iverson is offered as an expert who provided a life care plan in this case. The Defendants previously moved to exclude testimony from Dr. Iverson under Rule 702. In ruling on the previous motion, the court concluded based on Dr. Iversen's reliance on medical records, her own examination of the Plaintiff as a certified physician, her reliance on other sources of information, her use of an established methodology, and the existence of facts in other evidence which support her opinions means that the majority of her opinions, such as her opinions regarding future epidural injections and employment impairment, is sufficiently reliable to be considered by the jury, and that the Defendant's objections go to weight. (Doc. #137).

The court also concluded, however, that because Dr. Iverson is not an orthopedist, an opinion that the Plaintiff requires future surgery for his condition, given that no treating physician had recommended surgery, was not based on sufficiently reliable evidence, but was

instead based on speculation, and would not be helpful to the jury. The court concluded, therefore, that Dr. Iversen would not be allowed to testify about future medical care for which there is no recommendation in the Plaintiff's medical records or a treating physician, specifically, for future surgeries. (Doc. #137).

After the court's ruling, the Plaintiff objected to various exhibits designated by the Defendants, and the court gave the Plaintiff additional time in which to allow his experts to review medical evidence, and supplement their reports, if necessary. (Doc. #163, p.3).

The Defendants object to the supplemental report provided by Dr. Iversen. The Defendants' primary objection appears to be that Dr. Iversen's supplemental report contains opinions as to the need for and the costs of future surgery. The Defendants also point out that the supplemental report provides a different summary of medical records section than the original report as well as different cost projections and vendor surveys.

The Plaintiff responds that Dr. Iversen's opinions essentially remain unchanged with only minor modifications and that the new report indicates a lower projected overall costs for future medical care. The Plaintiff states that he has not asked the court to reconsider its ruling that Dr. Iversen will not testify concerning the need for future surgery, and has no intention of introducing evidence regarding future surgeries, so any objection to the part of her report concerning future surgery is moot. The Plaintiff also says that the medical records reviewed by Dr. Iversen were all disclosed previously, except for an October 31, 2016 visit to Dr. Kotecha, because that visit occurred after the original discovery cut-off. The Plaintiff argues that Dr. Iversen would have been expected to review updated medical records prior to testifying to ensure her opinions were based on the best available evidence.

Given the Plaintiff's concession that any portion of Dr. Iversen's report, or any testimony by her, concerning future surgery or the costs of future surgery will not be offered at trial, consistent with the court's previous ruling, the court concludes that the Motion to Exclude (Doc. #206 is due to be DENIED as moot as to future surgery evidence.

As to other aspects of the report, given the circumstances of disclosure by the Defendants and the court's Order allowing supplementation of expert reports, and given that the information was provided well in advance of trial, the court cannot conclude that the Defendants will suffer prejudice if Dr. Iversen testifies consistently with her updated report.

Accordingly, the Motion to Exclude (Doc. #206) is DENIED as moot as to future surgery and is DENIED in all other respects.

Done this 15th day of February, 2017.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT COURT