**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**


| | |
|---|---|
| JOSE A. TRINIDAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.  2:15cv323-WHA |
| | ) |
| DANIEL JOE MOORE, JR., and | )        (wo) |
| RDB TRUCKING, LLC, | ) |
| | ) |
| Defendants. | ) |


**ORDER**


This cause is before the court on parties' briefs concerning the order of proof of compensatory damages in this case.

If the jury finds in Phase I that the accident was not proximately caused by the negligence of Moore, the case is over.  If it finds negligence on the part of Moore, and that negligence caused injury to the Plaintiff, and finds either that Trinidad was or was not contributorily negligent, the case proceeds to Phase II.  The amount of compensatory damages is the same amount whether awarded for a claim in Phase I or Phase II.

The issue before the court, therefore, is whether the amount of compensatory damages should be determined in Phase I or Phase II.  In his brief, the Plaintiff states that he is not opposed to compensatory damage evidence and experts being presented in Phase I of the litigation, but that he ought to be able to litigate compensatory damages in Phase II because he will not be able to prove his prima facie case of negligent entrustment otherwise.  If the jury finds for the Plaintiff on negligence and contributory negligence in Phase I, however, no

additional compensatory damages would be due him under a negligent entrustment theory, and if

the jury finds in favor of the Defendants on contributory negligence of the Plaintiff in Phase I,

then the remaining avenue for compensatory damages is the wanton entrustment claim.  *See*

*Keller v. Kiedinger*, 389 So. 2d 129, 132 (1980) (quoting Restatement for the proposition that for

purposes of a negligent entrustment claim a supplier of chattel "is liable if, but only if, his

conduct is the legal cause of the bodily harm complained of and if the person suffering the harm

is not subject to any defense such as contributory negligence, which will prevent him from

recovering damages therefor."). The court, therefore, discerns no undue prejudice to the Plaintiff

in fully trying compensatory damages issues in Phase I.

The Defendants, on the other hand, express concern that a determination of the amount of

compensatory damages later, along with the evidence of wantonness in Phase II, could be unduly

prejudicial to Moore. The Defendants have proposed a method by which compensatory damages

would be assessed, although not necessarily awarded, at the conclusion of Phase I.   Under this

approach, if the jury finds in favor of the Plaintiff on negligence, the jury would also find the

amount of compensatory damages suffered by the Plaintiff, but if the jury then finds in favor of

the Defendants on contributory negligence, the amount of compensatory damages would only be

awarded when and if the jury made a finding in the Plaintiff's favor on wanton entrustment in

Phase II.  *See Gulf States Steel, Inc. v. Whisenant*, 703 So. 2d 899, 907 (Ala. 1997).

The court finds this approach to be the most efficient use of judicial resources and the

least likely to cause jury confusion.  Accordingly, it is hereby ORDERED that the issue of

compensatory damages will be fully litigated in Phase I, with the jury fixing, but not awarding, at

that time, the amount of compensatory damages caused to the Plaintiff.

Done this 27th day of February, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE